[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 206.]

THE STATE EX REL. FUQUA, APPELLANT, *v*. ALEXANDER, APPELLEE.

[Cite as *State ex rel. Fuqua v. Alexander*, 1997-Ohio-169.]

*Public records—Mandamus compelling sheriff's department detective to provide relator access to exculpatory statements made by himself, his co-defendant, and the crime victim—Dismissal of action pursuant to Civ.R. 12(B)(6) upheld, when.*

(No. 97-428–Submitted May 20, 1997–Decided July 16, 1997.)

APPEAL from the Court of Appeals for Hardin County, No. 6-96-18.

———————————

{¶ 1} In November 1994, appellant, Carlos J. Fuqua, was convicted of aggravated burglary and kidnapping and was sentenced accordingly. According to Fuqua, he attempted on many occasions, including through discovery during his criminal trial, to obtain exculpatory statements by himself, his co-defendant, and the crime victim, that were in the possession of appellee, Detective Dennis Alexander of the Hardin County Sheriff's Department. Alexander refused his requests.

{¶ 2} In December 1996, Fuqua filed a complaint in the Court of Appeals for Hardin County for a writ of mandamus to compel Alexander to provide access to the requested statements. Fuqua specified that his action was being brought under R.C. 149.43, the Public Records Act. Alexander filed a Civ.R. 12(B)(6) motion to dismiss the action based upon a failure to state a claim upon which relief can be granted. In the memorandum in support of his motion, Alexander asserted that the requested statements had already been provided to Fuqua, contained no exculpatory evidence, and were exempt from disclosure because they constituted investigatory work product. Fuqua filed a memorandum in response to the dismissal motion in which he stated that "[b]y the prosecutor's withholding of

exculpatory evidence supporting relator's innocence, relator must now rely on R.C. 149.43(C) as the only means available to acquire the statements." The court of appeals granted Alexander's Civ.R. 12(B)(6) motion and dismissed the complaint.

{¶ 3} The cause is now before this court upon an appeal as of right.

_____

*Carlos J. Fuqua*, *pro se*.

*Robert J. McClaren*, Hardin County Assistant Prosecuting Attorney, for appellee.

_____

***Per Curiam.***

{¶ 4} Fuqua asserts that the court of appeals erred in dismissing his mandamus action. The court of appeals granted Alexander's Civ.R. 12(B)(6) motion when it dismissed Fuqua's complaint. In order to dismiss a complaint for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6), it must appear beyond doubt that relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor. *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 490, 633 N.E.2d 1128, 1129.

{¶ 5} To establish that he was entitled to dismissal, Alexander relied on unverified statements in his memorandum in support of the motion concerning the requested statements. The court of appeals relied on this "evidence." But courts cannot rely on evidence or allegations outside the complaint to determine a Civ.R. 12(B)(6) motion. *State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 581, 669 N.E.2d 835, 837; *State ex rel. Boggs v. Springfield Loc. School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 94, 96, 647 N.E.2d 788, 791. Therefore, the court of appeals erred in relying on this evidence, which was not contained in the allegations of Fuqua's complaint.

{¶ 6} Nevertheless, for the reasons that follow, the foregoing error does not warrant reversal of the judgment dismissing Fuqua's mandamus action.

{¶ 7} First, Fuqua now concedes that "R.C. 149.43 does not apply * * *." Therefore, since his action in the court of appeals was based on R.C. 149.43, Fuqua admits that the court of appeals did not err in dismissing it on that basis.

{¶ 8} Second, contrary to Fuqua's contention in his first proposition of law, the court of appeals did not err in failing to address his entitlement to the requested statements pursuant to Crim.R. 16(B) instead of R.C. 149.43. Although Fuqua's filings in the court of appeals mentioned Crim.R. 16(B), they indicated that he was requesting a writ of mandamus only through R.C. 149.43. Therefore, the court of appeals' restriction of its analysis to R.C. 149.43 was justified by Fuqua's own argument in that court. *State ex rel. Bitter v. Missig* (1995), 72 Ohio St.3d 249, 254, 648 N.E.2d 1355, 1358, citing *State ex rel. Fowler v. Smith* (1994), 68 Ohio St.3d 357, 359, 626 N.E.2d 950, 952 ("Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make.").

{¶ 9} Third, Fuqua errs in relying on *State ex rel. Carpenter v. Tubbs Jones* (1995), 72 Ohio St.3d 579, 651 N.E.2d 993, in support of his contention that records in the possession of Alexander are discoverable under Civ.R. 16(B) and therefore should be ordered released by a writ of mandamus. *Carpenter* is a public records case instituted under R.C. 149.43, which Fuqua now concedes is inapplicable. In addition, following *Carpenter*, we held that records which are discoverable under Crim.R. 16 are not thereby subject to release as a "public record" under R.C. 149.43. *State ex rel. WHIO-TV-7 v. Lowe* (1997), 77 Ohio St.3d 350, 673 N.E.2d 1360, syllabus.

{¶ 10} Finally, Fuqua's claim in his second proposition of law that the prosecuting attorney representing Alexander included fraudulent statements in his motion to dismiss is not supported by the record. Fuqua improperly attempts to

support his claim of fraud with new materials attached to his appellate brief. *State ex rel. Schwaben v. School Emp. Retirement Sys.* (1996), 76 Ohio St.3d 280, 283, 667 N.E.2d 398, 401, fn. 4 ("[A]s a reviewing court, this court will not add matter to the record that was not part of the proceedings before the lower court.").

{¶ 11} Based on the foregoing, the court of appeals did not err in dismissing Fuqua's mandamus action. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____