OPINION
Plaintiff-appellant, Elijah Hicks, appeals a Warren County Court of Common Pleas judgment entry denying his motion for new trial or judgment notwithstanding the verdict. We affirm the decision of the trial court.
Appellant was at a Dairy Mart convenience store on August 31, 1994, when he was struck by a pickup truck driven by defendant-appellee, Michael Freeman.[1] Freeman was backing his truck and did not see appellant, who was kneeling and had just poured gasoline from a hand-held container into an underground storage tank. As the truck's bumper approached him, appellant put his hands on the bumper and pushed off of it. Appellant was "hit hard" and was lying on his back when he "came to."
After the accident, appellant drove himself to a hospital for treatment. His left wrist was fractured. A few weeks later, appellant began to experience a tingling sensation in his right arm and lost some feeling in his fingers. Appellant was diagnosed with an injury to his ulnar nerve, which supplies sensation to the fourth and fifth fingers of the hand and provides strength to the muscles that are between the bones of the hand. Although appellant underwent outpatient surgery, he continued to suffer pain and did not have feeling in his fourth and fifth fingers on his right hand.
Appellant sued Freeman, alleging negligence and requesting compensatory damages. A jury trial was held and appellant was awarded $26,500 in damages. Appellant filed a "motion for judgment notwithstanding the verdict or in the alternative a new trial." The trial court denied appellant's motion. Appellant appeals, presenting two assignments of error.
In his first assignment of error, appellant contends that the trial court should have granted his motion for new trial or judgment notwithstanding the verdict because the verdict was against the weight of the evidence. Appellant argues that the jury's verdict should be overturned because the jury's failure to award him any compensation for future pain and suffering shows that the jury failed to consider that element of damages.
Civ.R. 59 provides that a new trial may be granted based upon any of nine distinct grounds. Pursuant to Civ.R. 59(A)(6), a new trial may be granted when "the judgment is not sustained by the weight of the evidence." A trial court is vested with broad discretion in determining whether a jury verdict is against the manifest weight of the evidence. Osler v. Lorain (1986), 28 Ohio St.3d 345,351. Absent an abuse of discretion, a trial court's ruling on a motion for a new trial based upon the weight of the evidence will not be overturned. Antal v. Olde Worlde Prod., Inc.
(1984), 9 Ohio St.3d 144, 145. When a jury's award is supported by some competent, credible evidence supporting the essential elements of the case, that award will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,280.
Appellant also appears to argue that a new trial should have been granted on the basis of Civ.R. 59(A)(4), which states that a new trial is appropriate where there are "[e]xcessive or inadequate damages, appearing to have been given under the influence of passion or prejudice." It is difficult to prove passion or prejudice solely on the size of the jury's verdict.Ward v. Weaver (Jan. 24, 1994), Madison App. No. CA93-05-015, unreported. Because the determination of damages is completely and peculiarly within the province of the jury, it should not be disturbed unless it is so overwhelmingly disproportionate as to shock reasonable sensibilities. Id. A trial court's denial of a motion for a new trial based upon an allegedly insufficient damages award will not be reversed on appeal unless the trial court abused its discretion. Domestic Linen Supply Laundry Co.v. Kenwood Dealer Group (1996), 109 Ohio App.3d 312, 326, citingRohde v. Farmer (1970), 23 Ohio St.2d 82, paragraph one of the syllabus. An abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
Appellant reasons that the jury's failure to compensate him for future pain and suffering demonstrates that the jury did not understand that element of damages to which appellant was entitled. Appellant also argues that the jury's verdict was not supported by the evidence where the jury failed to award any damages for future pain and suffering, despite the fact that there was uncontested testimony that appellant's injury was permanent.
An interrogatory shows that the jury attributed fifty percent of the negligence that caused the accident to appellant and attributed fifty percent of the negligence to Freeman. In another interrogatory, the jury indicated the following breakdown of damages:
 Medical to date $ 4,000 Pain and suffering to date $ 1,000 Future pain and suffering 0
 Lost wages to date $21,000 Future lost wages 0 Loss of enjoyment of life to date $ 500 Future loss of enjoyment of life 0
The jury found that the total amount of compensatory damages was $26,500.
Assessment of damages is a matter within the province of the jury. Weidner v. Blazic (1994), 98 Ohio App.3d 321, 334. The jury, as the trier of fact, is "free to accept or reject any or all of appellant's evidence relating to * * * damages." Peck v.Ryan (June 30, 1988), Butler App. No. CA87-09-120, unreported, at 4.
Dr. Mark Eugene Frazer, a family practitioner, testified that appellant was one of his patients. Dr. Frazer testified that based on his last examination of appellant, it was his opinion that appellant's injury will be a permanent problem. However, this examination occurred in 1996, and the trial took place in November 1998. During cross-examination, Freeman's counsel and Dr. Frazer had the following exchange:
 Q. So what you said then, and I think it's true now, is it not, that any questions, any questions pertaining to his [appellant's] current function at that time and future progress should be directed then to Dr. Tom Kiefhaber; is that correct?
 A. That is what it states in the letter and that's what I've deferred in my testimony previously, that —
Q. Okay.
 A. — I believe that I can make inferences but the ones who are actively responsible in their care and treatment of those injuries should be the ones to tell you how they're currently doing.
Dr. Frazer admitted that he was not in the best position to provide an expert opinion of appellant's current and future pain and suffering.
Dr. Malcolm A. Meyn testified that he was an orthopedic surgeon and had reviewed appellant's medical records in this case. Dr. Meyn stated that he had also examined appellant to evaluate his current condition. The physician who actually performed surgery on appellant did not testify. Dr. Meyn reported that appellant's ulnar nerve had partially recovered but that appellant has reached a plateau and has not improved much in the last few months. Dr. Meyn testified that appellant has numbness in the fourth and fifth fingers in his right hand. Dr. Meyn also stated that the motion in appellant's left wrist is limited but not to the point that it would interfere with the use of any extremity. Dr. Meyn stated that appellant has "some impairment" but does not have a disability. Dr. Meyn stated that he believed that the injury to the nerve and muscles to appellant's right hand was permanent. However, Dr. Meyn commented that exercise could help appellant's condition. Dr. Meyn noted that appellant could not hold a screwdriver now, but if he worked hard to exercise the muscles, he probably could use one. Finally, Dr. Meyn testified that appellant's injury would not become worse.
Appellant testified that he is seventy-one years old and has lost some sensitivity in one of his hands. Contrary to appellant's argument, the jury was not required to award pain and suffering based upon the fact that two doctors testified that, in their opinion, appellant's injury was "permanent." As discussed above, Dr. Frazer's testimony was seriously called into question on cross-examination. Although Dr. Meyn's testimony was not impeached, the jury did not have to accept it. A trier of fact is free to reject any evidence and is not required to accept evidence simply because it is uncontroverted, unimpeached, or unchallenged.Ace Steel Baling, Inc. v. Portefield (1969), 19 Ohio St.2d 137,138. It makes no difference which side presents the evidence. The jury awarded appellant $1,000 for pain and suffering to date but chose not to award appellant for future pain and suffering. We find that the trial court did not abuse its discretion by denying the motion for new trial based upon the fact that the jury did not make any award for appellant's future pain and suffering.
In addition to requesting a new trial, appellant also requested a judgment notwithstanding the verdict based on the fact that the jury failed to award future pain and suffering. Civ.R. 50(B) governs motions for judgment notwithstanding the verdict. The standard for a motion for judgment notwithstanding the verdict pursuant to Civ.R. 50(B) is the same standard applicable to a motion for a directed verdict. Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677, 679. Therefore, a motion for judgment notwithstanding the verdict should only be granted where a trial court, construing the evidence most strongly in favor of the nonmoving party, concludes that reasonable minds could only find in favor of the moving party upon any determinative issue. Id., citing Civ.R. 50(A)(4). A court must not consider the weight of the evidence or witness credibility.Texler at 679, citing Strother v. Hutchinson (1981), 67 Ohio St.2d 282,284-285.
Appellant presented evidence indicating he would suffer future pain and suffering and should be compensated accordingly. However, construing the evidence most strongly in favor of Freeman, we find that reasonable minds could reach different conclusions as to whether appellant should be awarded damages for future pain and suffering. Therefore, we find that the trial court did not abuse its discretion by denying appellant's motion for judgment notwithstanding the verdict in regards to the jury's damage award for future pain and suffering. The first assignment of error is overruled.
In his second assignment of error, appellant asserts that the trial court erred by failing to grant a new trial or judgment notwithstanding the verdict where the jury failed to award him all of his medical expenses, which were not contested by Freeman during the trial.
The jury awarded appellant $4,000 in medical expenses. Appellant insists that the total amount of the medical expenses presented at trial was approximately $7,189. Appellant also asserts that the medical expenses were uncontested at trial. Therefore, appellant claims that he should be granted a new trial or judgment notwithstanding the verdict based upon the jury's failure to fully compensate him for medical expenses.
Appellant hypothesizes that the jury was confused about the significance of the negligence percentage and mistakenly applied it to its determination of damages, awarding him only fifty percent of the medical expenses. We disagree.
When instructing the jury about the interrogatories on compensatory damages, the trial court judge said that "if you fill in any or all these lines you are not to take into consideration any percentage allocation that you may have made as a result of answering the previous interrogatory [as to percentage of negligence attributable to the parties]." The trial court judge further instructed that "[y]ou will make a total compensation award based upon the instructions of the Court without any alteration based upon your findings of percentage." Moreover, the word "without" was emphasized in the interrogatory asking for the jury's summation of the amount of compensatory damages. Answering that interrogatory, the jury found that the total amount of compensatory damages to appellant "without regard to the percentage of negligence" attributable to appellant was $26,500. (Emphasis sic.) Several steps were taken to ensure that the jury would not reduce its damage awards by the percentage that they attributed to appellant for negligence.
During his testimony, appellant did not review his medical bills singly to explain the necessity and reasonableness of each. Nor was the expert testimony on the issue of the accumulated medical expenses very authoritative. Dr. Frazer reviewed the medical care that appellant had received from other physicians. Dr. Frazer testified that, based on his review of the case, appellant received "appropriate care to give him optimal opportunity to recover from these injuries." However, when Dr. Frazer was asked whether the charges for the care and treatment appellant received was "fair, reasonable, and necessary," Freeman's counsel objected to Dr. Frazer providing an opinion on services that he did not provide. The trial court sustained the objection. Therefore, his opinion on the matter was not available for the jury's consideration. It is significant that the doctors who performed the most specialized treatment, including appellant's outpatient operation, did not testify in this case.
When ruling upon appellant's motion for new trial or judgment notwithstanding the verdict, the trial court judge stated that he did not find a total of $8,000 but found that "the jury very reasonably could have determined that the total medical bills to which the plaintiff was entitled was somewhere in the $4,000 range."
From reviewing the medical expenses, we agree with the trial judge that the jury could have determined that the medical expenses were around $4,000 rather than closer to $8,000. We note that the amount for which appellant is held responsible to pay for each medical bill is not entirely clear. We also note that although Freeman may not have disputed the necessity or reasonableness of the medical bills, the jury was free to refrain from fully reimbursing appellant for those medical expenses for procedures that it did not feel were necessary or were not reasonably valued.[2] We find that there was credible, competent evidence to support the jury's award for medical expenses. Therefore, the trial court did not abuse its discretion by overruling appellant's motion for new trial.
We also find that the trial court properly overruled the motion for judgment notwithstanding the verdict based upon the jury's award for medical expenses. Construing the evidence most strongly in favor of Freeman, we find that reasonable minds could reach different conclusions as to what amount appellant should be compensated for his medical expenses, including the conclusion that appellant should be awarded about $4,000 for his medical expenses. Therefore, we find that the trial court did not abuse its discretion by denying appellant's motion for judgment notwithstanding the verdict in regards to the award for medical expenses. The second assignment of error is overruled.
YOUNG, P.J., and WALSH, J., concur.
[1] Great American Midwest Insurance and the Secretary of Department of Health and Human Services are also appellees in this appeal, but they did not file separate briefs for our consideration.
[2] In his brief, Freeman also suggests that the jury's award for medical expenses may have been the result of an error made by appellant in presenting the case. During opening and closing statements, as well as appellant's direct examination, appellant's counsel mentioned the fact that Medicare has paid a portion of appellant's medical bills. A consideration of expenses that may have been paid by Medicare might not have had any effect the jury's determination, especially considering the fact that on direct examination, appellant testified that he had to pay Medicare back for amounts paid on his medical bills.
To the extent that the mentioning of Medicare may have harmed his case, appellant cannot argue that he was prejudiced on appeal because if any error exists, it is invited-error. "Under the invited-error doctrine, a party will not be permitted to take advantage of an error that he himself invited or induced the trial court to make." State ex rel. The V Cos. v. Marshall (1998),81 Ohio St.3d 467, 471, citing State ex rel. Fuqua v. Alexander
(1997), 79 Ohio St.3d 206, 208.