[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant Evans Koukios filed a complaint in the common pleas court and incorporated by reference pleadings he had filed in a federal lawsuit against the same defendants. Defendants Michael Ganson, Michael Ganson, L.P.A. (collectively "Ganson"), and Cincinnati Bar Association ("CBA") filed Civ.R. 12(B)(6) motions to dismiss the complaint for failure to state a claim upon which relief could be granted. Ganson and the CBA argued that res judicata barred Koukios from relitigating issues that had been resolved in the federal action. The trial court granted the motions to dismiss. Koukios has appealed.
Koukios's first and second assignments of error, alleging that the trial court erred in dismissing his complaint on the basis ofres judicata, an affirmative defense that is not properly raised in a Civ.R. 12(B)(6) motion, and in considering material outside the pleadings without proper notice to the parties, are overruled because any error that may have occurred was harmless.
Koukios attached to his complaint, and incorporated by reference, copies of his federal court pleadings. Koukios also attached a copy of the federal court's docket and various other materials regarding the federal case. Under these circumstances, Koukios invited any error that may have occurred. Pursuant to the invited-error doctrine, a party will not be permitted to take advantage of an error that he himself invited or induced the trial court to make. See State ex rel. The V Companies v.Marshall (1998), 81 Ohio St.3d 467, 692 N.E.2d 198; State ex rel. Fuquav. Alexander (1997), 79 Ohio St.3d 206, 680 N.E.2d 985. Further, the "preeminent purpose" behind the notification requirement is to permit the nonmoving party sufficient opportunity to respond. See State ex rel. TheV Companies v. Marshall, supra; Petrey v. Simon (1983), 4 Ohio St.3d 154,447 N.E.2d 1285. The trial court held a hearing on the Civ.R. 12(B)(6) motions, along with several other motions, at which Koukios presented his position. Koukios had sufficient opportunity to respond to the motions and to supplement the record with material in support of his position.
Koukios's third assignment of error, which alleges that the trial court erred in granting the defendants' Civ.R. 12(B)(6) motions to dismiss his complaint for failure to state a claim upon which relief could be granted on the grounds of res judicata, is overruled in part and sustained in part.
A trial court may dismiss a complaint under Civ.R. 12(B)(6) only where it appears beyond doubt that the plaintiff can prove no set of facts warranting recovery. See Taylor v. London (2000), 88 Ohio St.3d 137,139, 723 N.E.2d 1089, 1091, citing O'Brien v. University CommunityTenants Union, Inc. (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus. In ruling on a Civ.R. 12(B)(6) motion to dismiss, the trial court is required to presume that all factual allegations of the complaint are true. See Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,532 N.E.2d 753.
Under the doctrine of res judicata, a final judgment between parties to litigation is conclusive as to all claims that were or might have been litigated. See Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379,653 N.E.2d 226; National Amusements, Inc. v. Springdale (1990),53 Ohio St.3d 60, 558 N.E.2d 1178. Res judicata applies between federal court and state court judgments. See Rogers v. Whitehall (1986),25 Ohio St.3d 67, 494 N.E.2d 1387. A claim litigated to finality in a federal court cannot be relitigated in a state court. Id.
In granting the defendants' Civ.R. 12(B)(6) motions to dismiss on the grounds of res judicata, the trial court specifically adopted by reference the order of the federal district court. In addressing the CBA's motion to dismiss Koukios's federal complaint, the district court held that Koukios had no standing to assert a violation of his due-process rights on the basis of the CBA's decision not to pursue disciplinary action against Ganson. The federal court also held that the CBA was absolutely immune from suit in its enforcement of the code of conduct. The claims raised against the CBA in Koukios's state court complaint are identical to those raised and ruled upon in federal court. Therefore, Koukios is barred by res judicata from pursuing the claims in state court. The trial court did not err in granting the CBA's motion to dismiss the complaint.
Turning now to Ganson, we hold that the claims raised by Koukios in his state court complaint are not barred by res judicata. The federal court dismissed Koukios's complaint against Ganson solely on the basis that Koukios could not maintain a cause of action under Section 1983, Title 42, U.S. Code, because Ganson was not a "state actor" and was not "acting under color of state law." The federal court did not address any of Koukios's state law claims against Ganson. Therefore, Koukios is not barred by res judicata from litigating any state laws claims that he may have against Ganson in state court. See Hattie v. Stark Cty. Dept. ofHuman Services (Dec. 20, 1993), Stark App. No. CA 9351, unreported. The trial court erred in granting Ganson's motion to dismiss the complaint on the basis of res judicata.
The fourth and fifth assignments of error, which allege that the trial court erred in ruling on the Civ.R. 12(B)(6) motions to dismiss before ruling on Koukios's motions to compel discovery and for sanctions, are overruled.
The management of discovery issues lies within the sound discretion of the trial court. See State ex rel. Daggett v. Gessaman (1973),34 Ohio St.2d 55, 295 N.E.2d 659. Absent an abuse of discretion, an appellate court must affirm a trial court's disposition of discovery issues. See State ex rel. The V Companies v. Marshall, supra. We hold that the trial court did not abuse its discretion in ruling on the motions to dismiss prior to ruling on Koukios's motions to compel discovery. In addition, we hold that the trial court properly decided the motions to dismiss before deciding Koukios's motions for sanctions, because the motions for sanctions were based upon the defendants' filings of the motions to dismiss.
The sixth assignment of error, alleging that the trial court erred in failing "to take cognizance of facts that would warrant a change of venue," is overruled. Koukios did not move for a change of venue. Koukios essentially asked the court if it could be fair and impartial, and the court answered that it could. There is absolutely no indication in the record that the trial court was biased.
Therefore, the judgment of the trial court is reversed with respect to the granting of Ganson's Civ.R. 12(B)(6) motion to dismiss the complaint on the basis of res judicata. The judgment is affirmed in all other respects. The cause is hereby remanded for further proceedings consistent with law and this Judgment Entry.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Winkler, JJ.