DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Hillsboro Municipal Court judgment, entered on a bench trial, finding Ronald Smith, defendant below and appellant herein, guilty of criminal mischief in violation of R.C.2909.07(A)(1). The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
 {¶ 2} "THE JUDGMENT OF THE TRIAL COURT FINDING THE DEFENDANT GUILTY IS NOT SUPPORTED BY ANY COMPETENT EVIDENCE AND IS AGAINST THE WEIGHT OF THE EVIDENCE."
SECOND ASSIGNMENT OF ERROR:
 {¶ 3} "THE TRIAL COURT ERRED IN CONSIDERING UNSWORN STATEMENTS BY FOUR INDIVIDUALS TAKEN PRIOR TO THE COMMENCEMENT OF THE TRIAL AS EVIDENCE IN THE CASE."
 {¶ 4} In June of 2001, appellant and his wife, Anna Smith, sold real estate they owned at 432 Johnson Street in Hillsboro, Ohio, to Albert Lakes. The parties also entered into a "compliance agreement" whereby the Smiths agreed to remove their personal belongings from a garage on the premises within fourteen days from "receipt of the deed." The Smiths failed to retrieve their property within that time frame, however, and the garage door was padlocked. When the Smiths tried to retrieve their belongings, the Lakes told them that they considered the property forfeited and the property now belonged to them. The next day, the Smiths returned to the garage, cut the lock and removed their belongings.
 {¶ 5} On August 8, 2001, Albert Lakes filed a criminal complaint that charged appellant with criminal mischief in violation of R.C.2909.07(A)(1). The matter came on for trial on January 17, 2002, but was continued when medical problems prevented Lakes from attending. Nevertheless, because several other witnesses were present, the prosecution and the defense agreed to question those witnesses, informally, on the record and then submit their transcribed testimony to the trial court for later consideration.
 {¶ 6} The matter finally came on for trial on February 21, 2002, at which time the uncontroverted evidence revealed that the Smiths failed to abide by the fourteen day deadline set forth in the compliance agreement for retrieving their belongings from the premises. Both Mr. and Mrs. Lakes testified that they believed that the property was forfeited and became theirs. Thus, they padlocked the garage and refused to let the Smiths retake their belongings. The Smiths admitted taking their property back, but denied that they broke any padlock on the garage. Furthermore, Mrs. Smith testified that her husband was not involved in the actual removal of the items from the garage. She explained that Mr. Lakes had previously threatened to shoot appellant if he was discovered on the premises and, consequently, they decided it was best if he did not participate in that part of the operation. This was corroborated by appellant who testified that he went to talk to some of his ex-neighbors during the time the family's belongings were removed from the Lakes's garage.
 {¶ 7} At the conclusion of trial, the court ruled from the bench and found appellant guilty. The court opined that this was a "silly" criminal case arising from what was primarily a "civil" action that should have been resolved through mediation.[2] In addition, the court told the Lakes that the Smiths' property had not been forfeited and that they essentially committed the tort of conversion by refusing the Smiths access to their belongings. Nevertheless, the court concluded that appellant or his agents improperly broke the lock and forcibly removed their property themselves. The court found that jail would not be appropriate for this sort of case and, thus, imposed a $1,000 fine of which $990 was suspended. The court also ordered appellant to make restitution to the Lakes in the amount of $0.25 for the value of the broken padlock. This appeal followed.
 I {¶ 8} Appellant argues in his first assignment of error that his conviction is not supported "by any competent evidence" and is against the manifest weight of the evidence. These are separate arguments and we will address them individually.[3]
 {¶ 9} With regard to the insufficient evidence contention, appellate courts construe the evidence adduced at trial in a light most favorable to the prosecution. See State v. Hill, 75 Ohio St.3d 195, 205,1996-Ohio-222, 661 N.E.2d 1068; State v. Grant, 67 Ohio St.3d 465, 477,1993-Ohio-171, 620 N.E.2d 50; State v. Rojas, 64 Ohio St.3d 131, 139,1992-Ohio-110, 592 N.E.2d 1376. The relevant inquiry is whether a trier of fact considering the evidence so construed could find the essential elements of the crime beyond a reasonable doubt. See States v. Jones,91 Ohio St.3d 335, 345, 2001-Ohio-57, 744 N.E.2d 1163; State v. Ballew,76 Ohio St.3d 244, 249, 1996-Ohio-81, 667 N.E.2d 369; State v. Loza,71 Ohio St.3d 61, 68, 1994-Ohio-409, 641 N.E.2d 1082. Criminal convictions will not be overturned on the basis of an insufficiency of evidence unless reasonable minds could not reach the conclusion reached by the trier of fact. See State v. Tibbetts, 92 Ohio St.3d 146, 162,2001-Ohio-132, 749 N.E.2d 226; State v. Treesh, 90 Ohio St.3d 460, 484,2001-Ohio-4, 739 N.E.2d 749. With this in mind, we turn our attention to the evidence adduced below.
 {¶ 10} The evidence at trial was uncontroverted that appellant did not physically remove the family's property from the garage at 432 Johnson Street. Neither Mr. nor Mrs. Lakes observed appellant on the premises. Both appellant and his wife testified that he was not involved in this aspect of retrieving their property and the prosecution offered nothing to rebut that testimony. The evidence was also uncontroverted, however, that appellant drove the "dually pickup truck" to and from the property.[4] This indicates that appellant participated in the operation to remove the property from the Lakes's garage. Moreover, while several defense witnesses denied it, both Mr. and Mrs. Lakes testified that a padlock had been forcibly removed from the garage door so that the Smiths could gain access to their property.
 {¶ 11} The offense of criminal mischief occurs when one knowingly damages, destroys or otherwise tampers with property of another. R.C.2909.07(A)(1). A person not directly involved in the commission of an offense may still be guilty of complicity to that crime if he solicits or procures another to commit the crime or that he aids and abets in its commission. R.C. 2923.03(A)(1)-(2). In the case sub judice, the trial court found that appellant either solicited or procured the criminal mischief at issue in this case or, at the very least, aided and abetted in its commission by driving the pickup truck to and from the premises. The transcript of the February 21, 2002, trial contains the following explanation of the court's findings:
 {¶ 12} "Now I find I believe there was a lock and I find that the lock got broken off. Now I'm down to the final issue. Did you do it? I have to say I'm not convinced beyond a reasonable doubt that you yourself individually did it, but I am convinced beyond a reasonable doubt that you or an agent did, which is sufficient for purposes. I'm convinced that your wife and these neighbors were your agents brought there to retrieve your property in a self-replevin premises.
 {¶ 13} "Therefore, what I am going to call a silly charge of criminal mischief make a finding of guilty . . ."
 {¶ 14} The trial court's findings are supported by the evidence adduced at trial and this constitutes sufficient evidence for the court to find appellant guilty of complicity to criminal mischief.[5]
 {¶ 15} Next, we turn to appellant's contention that his conviction was against the manifest weight of the evidence. When an appellate court considers such a claim, the conviction must not be reversed unless it is obvious that the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Earle (1997), 120 Ohio App.3d 457, 473,698 N.E.2d 440; State v. Garrow (1995), 103 Ohio App.3d 368, 370-371,659 N.E.2d 814; State v. Davis (1988), 49 Ohio App.3d 109, 113,550 N.E.2d 966. Appellant points to testimony from various witnesses that no padlock appeared on the Lakes's garage door when their property was removed.[6] He also claims that the trial court "lost its way" in the present case because it attributed the actions of appellant's wife and friends to appellant himself. We are not persuaded on either count.
 {¶ 16} First, with respect to the existence of the padlock, Mr. and Mrs. Lakes both testified that they placed the lock on the garage door. Although defense witnesses testified that no such lock existed, we note that weight of evidence and credibility of witnesses are issues to be determined by the trier of fact. See State v. Dye, 82 Ohio St.3d 323,329, 1998-Ohio-234, 695 N.E.2d 763; State v. Frazier, 73 Ohio St.3d 323,339, 1995-Ohio-235, 652 N.E.2d 1000; State v. Williams, 73 Ohio St.3d 153,165, 1995-Ohio-275, 652 N.E.2d 721. The trial court was free to believe all, part or none of the testimony of each witness who appeared before it. See State v. Long (1998), 127 Ohio App.3d 328, 335, 713 N.E.2d 1;State v. Nichols (1993), 85 Ohio App.3d 65, 76, 619 N.E.2d 80; State v.Harriston (1989), 63 Ohio App.3d 58, 63, 577 N.E.2d 1144. The court found the testimony by Mr. and Mrs. Lakes on this issue to be the more credible and this was well within its province.
 {¶ 17} With respect to attributing the actions of appellant's wife and neighbors to appellant himself, we note that this is the essence of "complicity" under R.C. 2923.03(A)(1)-(2). Appellant admitted to driving the "dually" pickup truck to help retrieve the property from the garage. This is essentially an admission that he aided and abetted in the commission of the criminal mischief.
 {¶ 18} Accordingly, we conclude that appellant's conviction for criminal mischief was not against the weight of the evidence. For these reasons, we find no merit in the first assignment of error and it is accordingly overruled.
 II {¶ 19} Appellant argues in his second assignment of error that the trial court erred by considering the unsworn statements of witnesses taken on January 17, 2002. We disagree with appellant.
 {¶ 20} First, the transcript of that testimony, as well as the transcript of the February 21, 2002, trial, reveal that appellant (through counsel) stipulated to the use of this testimony. It is axiomatic that parties are bound by their stipulations.[7] Second, even if the trial court erred by considering the stipulated testimony, that error may be disregarded under the invited error doctrine[8] or the doctrine of waiver.[9] Finally, we discern nothing particularly prejudicial in that testimony. The witnesses (neighbors) who provided this testimony exonerated appellant of any direct involvement in the removal of property from the Lakes's garage. To the extent that they placed him at the premises, and thus provided a basis for convicting him of complicity, we note that this was cumulative of evidence provided by appellant and his wife at trial. Therefore, at most, consideration of this testimony would have been harmless error. See Crim.R. 52(A). Accordingly, based upon these reasons we find the second assignment of error without merit and it is hereby overruled.
 {¶ 21} Having considered all errors assigned and argued in the briefs, and finding no merit in either of them, we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hillsboro Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment Opinion.
[2] As an aside, we note our agreement with the trial court's view of this matter.
[3] A sufficiency of the evidence challenge is separate and distinct from a claim that the conviction is against the manifest weight of the evidence. See State v. Johnson, 88 Ohio St.3d 95, 112, 2000-Ohio-276,723 N.E.2d 1054; State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541, at paragraph two of the syllabus; State v. Schaim,65 Ohio St.3d 51, 53, 1992-Ohio-31, 600 N.E.2d 661, at fn. 1. Thus, we consider these arguments separately.
[4] Appellant explained below that the "dually" was a very large truck and that his wife did not like to drive it.
[5] We acknowledge that neither the criminal complaint nor the final judgment in this case make any reference to "complicity" under R.C.2923.03. However, this causes no procedural impediment. R.C. 2923.03(F) provides that a charge of complicity may be stated in terms of that statute or in terms of the principal offense. Thus, a defendant may be convicted of complicity to an offense even though the charging instrument states only the principal offense and does not mention complicity. SeeState v. Herring, 94 Ohio St.3d 246, 251, 2002-Ohio-796, 762 N.E.2d 940. The same is true with judgment entries which can also be phrased in terms of the principal offense rather than complicity thereto. See State v.Lang (Apr. 11, 1988), Clermont App. Nos. CA87-10-080 CA87-10-087.
[6] The damaged or destroyed property which formed the basis of the criminal mischief charge was the padlock allegedly cut off of the garage door.
[7] See State v. Abercrombie, Clermont App. No. CA2001-06-057, 2002-Ohio-2414; State v. Bryant, Cuyahoga App. No. 79841, 2002-Ohio-2136; State v. Brown (Aug. 8, 2001), Summit App. No. 20449.
[8] Under the "invited-error doctrine," a party will not be permitted to take advantage of an error that he himself invited or induced the trial court to make. See generally State ex rel. The V Cos. v. Marshall,81 Ohio St.3d 467, 471, 1998-Ohio-329, 692 N.E.2d 198; State ex rel.Fuqua v. Alexander, 79 Ohio St.3d 206, 208, 1997-Ohio-169,680 N.E.2d 985.
[9] Appellate courts generally will not consider errors which counsel could have called, but did not call, to the trial court's attention when such error could have been avoided or corrected by the court. State v.Joseph, 73 Ohio St.3d 450, 455, 1995-Ohio-288, 653 N.E.2d 285; State v.Lott (1990), 51 Ohio St.3d 160, 174, 555 N.E.2d 293; State v. Gordon
(1971), 28 Ohio St.2d 45, 276 N.E.2d 243 at paragraph two of the syllabus.