[Cite as *Rose v. Cochran*, 2012-Ohio-1729.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| J.R. ROSE, | : | Case No. 11CA3243 |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| WAYNE COCHRAN, | : | |
| | : | **RELEASED 04/17/12** |
| Defendant-Appellee. | : | |

_____
APPEARANCES:

J.R. Rose, Chillicothe, Ohio, pro se appellant.

Michael W. Sandner, Pickrel, Schaeffer & Ebeling Co., LPA, Dayton, Ohio, for appellee.
_____
Harsha, J.

{¶1}   J.R. Rose appeals the trial court's judgment granting Wayne Cochran's motion to dismiss under Civ.R. 12(B)(6).  Rose contends that the trial court erred by dismissing his case because he alleged sufficient facts to support his claims of libel and fraud.  Because the trial court considered materials outside the complaint without converting the motion to dismiss to one for summary judgment, the trial court erred by dismissing the case.

I. FACTS

{¶2}   In 2007, J.R. Rose was convicted of the sale of unregistered securities, perjury and forgery in the Butler County Court of Common Pleas and sentenced to 20 years in prison.  As a result of his conviction, Rose was ordered to pay restitution to several individuals, including Wayne Cochran.  Subsequently, Rose consented to a

receivership at the request of the Ohio Department of Commerce and the receiver sought to recover assets from Rose to satisfy the claims of the injured parties.

{¶3}    In 2011, Rose filed a complaint in the Ross County Court of Common Pleas asserting that Wayne Cochran is liable for insurance fraud, libel and slander, unjust enrichment and fraud.  This complaint contained the following allegations:  In 2007, Cochran applied for an IRA rollover with National Western Insurance Company (National Western) and the policy was subsequently issued.  In 2008, National Western presented Cochran with an annual statement of his account and soon after Cochran sent a letter with false allegations to National Western.  Cochran later sent another letter "of intentional falsity" to National Western.  Consequently, National Western reversed a portion of Rose's commissions based on Cochran's "fraudulent declarations" and that Cochran presented inflated losses of $22,410 to the Butler County Court of Common Pleas, where "financial records confirm the proximate financial losses were only $2,010."

{¶4}    Cochran responded by filing a motion to dismiss under Civ.R. 12(B)(6) asserting that there is no factual or legal basis for Rose's complaint.  Cochran attached nine exhibits in support of his motion to dismiss and in response Rose filed a memorandum in opposition and attached four additional documents.  Subsequent filings by both parties followed.  The trial court granted the motion to dismiss and noted that under Civ.R. 12(D)(4) venue did not appear to be proper in Ross County, but because neither party raised the issue it would not decide the matter.[1]  Rose then filed this appeal challenging the trial court's dismissal of his case.

---

[1] The trial court might revisit this issue on remand.

## II. ASSIGNMENTS OF ERROR

**{¶5}** Rose presents four assignments of error for our review:

**{¶6}** 1. "THE TRIAL COURT ALLOWED UNDATED AFFIDAVIT CONTRARY TO OHIO CIVIL RULE 56."

**{¶7}** 2. "THE TRIAL COURT ERRED IN ALLOWING SCANDALOUS MATTER PURSUANT TO OHIO CIVIL RULE 12(F)."

**{¶8}** 3. "THE TRIAL COURT ABUSED ITS DISCRETION BY ASCERTAINING THAT VENUE WAS IMPROPER PURSUANT TO OHIO CIVIL RULE 12(D)(4)."

**{¶9}** 4. "THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING CLAIM FOR BLATANT FRAUD."

## III. 12(B)(6) MOTION TO DISMISS

**{¶10}** In order to determine whether the trial court improperly granted the motion, we must initially review the procedural requirements concerning Civ.R. 12(B)(6). "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). And in order to dismiss a complaint for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6), it must appear beyond doubt that the plaintiff can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in plaintiff's favor. See *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997) (per curiam).

**{¶11}** Civ.R. 12(B) states: "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such

matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." "It is the court's responsibility either to disregard extraneous material or to convert a motion to dismiss into a motion for summary judgment when additional materials are submitted." *Keller v. Columbus*, 100 Ohio St.3d 192, 2003-Ohio-5599, 797 N.E.2d 964, ¶ 18. Moreover, "courts cannot rely on evidence or allegations outside the complaint to determine a Civ.R. 12(B)(6) motion." *Fuqua*, *supra*, 79 Ohio St.3d at 207. It is error to do so. *Id.* Where a trial court chooses to consider materials outside the pleadings, the court must convert the motion to dismiss into a motion for summary judgment, notify all parties and give them a reasonable opportunity to present all materials made pertinent to such a motion by Rule 56. Civ.R. 12(B); *State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 470, 692 N.E.2d 198 (1998).

{¶12} Here, Cochran submitted nine exhibits, which contain evidence not present in the complaint, along with his Civ.R. 12(B)(6) motion to dismiss. These exhibits included information relating to Rose's criminal convictions, appointment of a receiver and preliminary injunction and information collected by the receiver regarding the recovery and distribution of funds. In his response to the motion, Rose attached documents including information about the amount of restitution paid and a "transaction summary" of Cochran's deposits and withdrawals. Because the parties submitted additional evidence not contained in the allegations of the complaint, the trial court was

required by Civ.R. 12(B) to either exclude the evidence or convert the motion to dismiss to a motion for summary judgment.

{¶13}   However, the trial court did neither. The trial court stated in its judgment entry granting the motion to dismiss that it "has had the opportunity to review the file, the pleadings, as well as motions made in this matter, and any responses to said motions. * * * The court further finds [Cochran's] motion to dismiss well-taken and is therefore granted."  By considering additional evidence beyond that contained in the complaint, the trial court erred.  Its only other option was to convert the motion to dismiss to a motion for summary judgment as required by Civ.R. 12(B).  Accordingly, we hold that the trial court improperly dismissed the case and reverse the trial court's judgment.

JUDGMENT REVERSED
AND CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Kline, J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court


BY:  _____
        William H. Harsha, Judge




## **NOTICE TO COUNSEL**


**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**