[Cite as *State ex rel. Anderson v. Culotta*, 2020-Ohio-1294.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. HERBERT ANDERSON, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | **CASE NO. 2020-L-004** |
| | : | |
| - vs - | : | |
| VINCENT A. CULOTTA, JUDGE, | : | |
| | : | |
| Respondent. | : | |
| | : | |

Original Action for Writ of Mandamus.

Judgment: Petition dismissed.

*Herbert Anderson,* pro se, PID: A572-384, Richland Correctional Institution, 1001 Olivesburg Road, P.O. Box 8107, Mansfield, OH 44905 (Relator).

*Charles E. Coulson,* Lake County Prosecutor, and *Michael L. DeLeone,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondent).

PER CURIAM.

{¶1} This matter is before the court on a petition for writ of mandamus, filed by relator, Herbert Anderson, against respondent, Hon. Vincent A. Culotta, seeking to compel respondent to issue findings of fact and conclusions of law relating to a "Writ of Error Coram Nobis" previously denied by respondent. Respondent has filed a motion to

dismiss for failure to state a claim upon which relief can be granted. For the reasons discussed below, we dismiss the petition.

{¶2} In August 2009, relator entered into a written plea of guilty to one count of attempted robbery, a felony of the fourth degree; and one count of receiving stolen property, also a felony of the fourth degree. He was sentenced to a term of 18-months imprisonment.

{¶3} Some 10 years later, relator filed a "Writ of Error Coram Nobis, Evidentiary Hearing, and Appointment of Counsel." The trial court denied this pleading. On September 13, 2019, relator filed a "Motion for Definite Statement" and "Findings of Facts and Conclusions of Law." The trial court denied the motion on November 5, 2019.

{¶4} Meanwhile, on January 9, 2020, relator filed the instant petition asserting he is entitled to relief in mandamus requiring respondent to issue findings of fact and conclusions of law; respondent subsequently filed a motion to dismiss the petition pursuant to Civ.R. 12(B)(6).

{¶5} A Civ.R. 12(B)(6) motion tests the sufficiency of the complaint, and dismissal is appropriate where the complaint "fail[s] to state a claim upon which relief can be granted." In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). Before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling the plaintiff to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975),

2

syllabus. In determining a motion pursuant to Civ.R. 12(B)(6), the court cannot rely on evidence or allegations outside of the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997).

{¶6} To be entitled to a writ of mandamus, relator must establish a clear legal right to relief, a corresponding clear legal duty for respondent to perform the requested act, and relator must not have a plain and adequate remedy in the ordinary course of the law. *See, e.g., State ex rel. Fain v. Summit Cty. Adult Probation Dept.*, 71 Ohio St.3d 658 (1995).

{¶7} Initially, respondent requests this court to take judicial notice of the trial court docket appended to its motion to dismiss to avoid converting his Civ.R. 12(B)(6) motion into a motion for summary judgment. We need not, however, take judicial notice of the trial court's docket because the relevant facts identified in the docket are essentially alleged in relator's petition; namely, that the trial court entered a final judgment denying relator's motion for findings of fact and conclusions of law on November 5, 2019.

{¶8} Relator appears to claim that the trial court's denial of his motion for findings and conclusions was void because the failure to do so prevented meaningful appellate review. He additionally maintains the trial court's actions or omissions deprived him of procedural due process because it was denied without an oral hearing. Relator fails to cite any authority in support of his argument.

{¶9} Initially, with respect to his latter claim, we need not address relator's substantive legal argument because his challenge could be made via direct appeal of the November 5, 2019 judgment. He therefore had an adequate remedy at law on this

point.  In this respect, relator has failed to meet the essential requirements for mandamus and respondent is entitled to dismissal, per Civ.R. 12(B)(6), on relator's due process allegation.

{¶10}  Next, a void judgment is generally one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act.  *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, ¶27.  Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous.  *Id.*  Here, relator fails to assert and there is nothing to suggest the trial court lacked jurisdiction or authority to deny relator's motion for findings and conclusions.  That judgment is not void, but voidable and was therefore subject to ordinary appellate review.

{¶11}  "'Mandamus cannot be used as a substitute for appeal * * *.'"  *State ex rel. Daggett v. Gessaman,* 34 Ohio St.2d 55, 57 (1973), quoting *State ex rel. Overmeyer v. Walinski,* 8 Ohio St.2d 23, 24 (1966).  Appellant had a plain and adequate remedy at law and, if he failed to exercise the same, he waived his right to challenge the trial court's judgment.  He may not use the instant petition to seek reversal of that order.  Relator has therefore failed to state a claim upon which relief in mandamus can be granted.  The petition must accordingly be dismissed.


CYNTHIA WESTCOTT RICE, J., THOMAS R. WRIGHT, J., MARY JANE TRAPP, J., concur.

4