[Cite as *Harris v. Tri-Tech Laboratories, L.L.C.*, 2026-Ohio-1152.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| NICHOLAS HARRIS | Case No. 2025 CA 00079 |
| Plaintiff - Appellant | Opinion And Judgment Entry |
| -vs- | Appeal from the Court of Common Pleas, Case No. 2025CV974 |
| TRI-TECH LABORATORIES, LLC., ET AL. | Judgment: Affirmed |
| Defendant - Appellee | Date of Judgment Entry: March 31, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Craig R. Baldwin, Judges

**APPEARANCES:** RYAN H. LAUER, for Plaintiff-Appellant; REX A. LITTRELL, M. SALMAN SHAH, JOSEPH J. BRENNAN, for Defendant-Appellee.

*King, P.J.*

{¶ 1} Plaintiff-Appellant, Nicholas Harris, appeals the September 26, 2025 decision and order of the Licking County Court of Common Pleas granting the motion to dismiss filed by Defendant-Appellee, Tri-Tech Laboratories, LLC, dba KDC/one. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On February 4, 2025. Harris was employed with Tri-Tech. On this date, another employee of Tri-Tech shot Harris and six other employees while at work.

{¶ 3} On June 20, 2025, Harris filed a complaint against Tri-Tech, the Ohio Bureau of Workers' Compensation, and others. As to Tri-Tech, Harris alleged an intentional tort under R.C. 2745.01.

{¶ 4} On July 17, 2025, the Ohio Bureau of Workers' Compensation ("OBWC") filed a cross-claim against all the defendants, including Tri-Tech, for subrogation or in the alternative, judgment on the complaint for medical and compensation benefits paid plus future costs.

{¶ 5} On August 13, 2205, Tri-Tech filed motions to dismiss the cross-claim and Harris's intentional tort claim, arguing Harris failed to allege that it acted with deliberate intent to cause injury as required under R.C. 2745.01. By decision and order filed September 26, 2025, the trial court dismissed Harris's claim against Tri-Tech. The trial court noted its decision was a final appealable order and there was no just cause for delay.

{¶ 6} On October 13, 2025, Harris filed a motion to alter or amend the decision to reflect that the dismissal applied to Tri-Tech only.

{¶ 7} On October 16, 2025, Harris filed an appeal of the September 26, 2025 decision and order.

{¶ 8} In an entry filed October 22, 2025, the trial court clarified that the claims against Tri-Tech were dismissed but the case remained active as to all other defendants. The trial court again included Civ.R. 54(B) language and stated the decision was a final appealable order.

{¶ 9} Harris assigned the following claimed error:

I

{¶ 10} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO CIVIL RULE 12(B)(6) WHEN PLAINTIFF'S COMPLAINT ADEQUATELY ALLEGED FACTS SUFFICIENT TO STATE A CLAIM FOR EMPLOYER INTENTIONAL TORT UNDER R.C. 2745.01."

{¶ 11} At the outset, we note no one has raised an issue as to a final appealable order regarding the cross-claim. After the filing of the notice of appeal, Harris filed an amended complaint to correct the name of one of the defendants. The OBWC filed an answer and omitted its cross-claim. Therefore, we read the trial court's October 22, 2025 entry to mean what it says: "IT IS SO ORDERED that the claims against Defendant Tri-Tech Laboratories, LLC are dismissed." That includes the cross-claim, making the trial court's entry a final appealable order as indicated by the trial court and therefore subject to appellate review.

I

{¶ 12} In his sole assignment of error, Harris claims the trial court erred in granting Tri-Tech's motion to dismiss, as his complaint alleged sufficient facts to state a claim for employer intentional tort under R.C. 2745.01. We disagree.

{¶ 13} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contractors, Inc.,* 49 Ohio St.3d 228 (1990). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Board of Commissioners,* 65 Ohio St.3d 545 (1992). Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190, 192 (1988). In order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *O'Brien v. University Community Tenants Union, Inc.,* 42 Ohio St.2d 242 (1975), syllabus. "As long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to

recover, the court may not grant a defendant's motion to dismiss."  *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 145 (1991).

{¶ 14}  In ruling on a Civ.R. 12(B)(6) motion, a court may look only to the complaint itself and may not consider any evidence or allegations outside the complaint.  *State ex rel. Fuqua v. Alexander,* 79 Ohio St.3d 206 (1997).  But a court may consider material incorporated in the complaint as part of the complaint.  *State ex rel. Crabtree v. Franklin County Board of Health,* 77 Ohio St.3d 247, 249, fn. 1 (1997) ("Material incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss").  A party seeking a dismissal "may not rely on allegations or evidence outside the complaint; otherwise, the motion must be treated, with reasonable notice, as a Civ.R. 56 motion for summary judgment."  *State ex rel. Hanson* at 548.

{¶ 15}  Civ.R. 8(A) provides for notice pleading and requires only (1) "a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled."  Thus, in order to survive a Civ.R. 12(B)(6) motion, "a pleader is ordinarily not required to allege in the complaint every fact he or she intends to prove; such facts may not be available until after discovery." *State ex rel. Hanson* at 549, citing *York* at 144-145.

{¶ 16} However, claims of employer intentional tort are subject to a heightened pleading standard.  In 2005, the General Assembly enacted the current version of R.C. 2745.01 which governs claims for intentional torts by employers.  "[T]he General Assembly's intent in enacting R.C. 2745.01, as expressed particularly in 2745.01(B), is to permit recovery for employer intentional torts *only* when an employer acts with specific intent to cause an injury, subject to subsections (C) and (D)."  (Emphasis added.) *Kaminski v. Metal & Wire Products Co.,* 2010 Ohio 1027, ¶ 56.  "[A]bsent a deliberate

intent to injure another, an employer is not liable for a claim alleging an employer intentional tort, and the injured employee's exclusive remedy is within the workers' compensation system." *Houdek v. ThyssenKrupp Materials N.A., Inc.,* 2012-Ohio-5685, ¶ 25.

{¶ 17} R.C. 2745.01(A) states an employer shall not be liable "unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur." Subsection (B) states "substantially certain" "means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death." Subsections (C) and (D) do not apply in this case.

{¶ 18} In order to plead an employer intentional tort under R.C. 2745.01, plaintiffs are held to a heightened pleading standard; plaintiffs must allege facts supporting their claim with particularity. *Mitchell,* 40 Ohio St.3d 190; *see also Byrd v. Faber,* 57 Ohio St.3d 56, 60 (1991). In *Mitchell* at 192-193, the Supreme Court of Ohio explained and held the following:

> Taking the facts of the complaint as true and construing them in appellee's favor, those facts fail to establish a claim for intentional tort. The facts are easy to grasp and are undisputed: a death resulted from the hold-up of a convenience store. Even if Lawson failed to equip its stores with security devices or provide its employees with training in handling violent situations, it does not follow that Lawson knew that injury to its employees was certain, or substantially certain, to result. This is so, even if we assume that the Lawson store was in a high-crime-rate area.

Unsupported conclusions that appellant committed an intentional tort are not taken as admitted by a motion to dismiss and are not sufficient to withstand such a motion. This principle is important in resolving claims of intentional tort against an employer. Virtually every injury in the workplace can be made the basis for a claim of intentional tort if the unsupported conclusion that the employer intended to injure the employee is allowed to prevail over factual allegations which preclude the possibility of intentional tort. We do not serve the interest of employees, employers or the administration of justice in the already over-docketed courts of Ohio if we permit claims to go forward which, on the face of the pleading, have no chance of success.

We hold that a claim of intentional tort against an employer will be dismissed as failing to establish that the pleader is entitled to relief unless the complaint alleges facts showing that the employer: (1) specifically desired to injure the employee; or (2) knew that injury to an employee was certain or substantially certain to result from the employer's act and despite this knowledge, still proceeded. (Citations omitted.)

{¶ 19} In finding Harris failed to meet this heightened pleading standard, the trial court found the complaint "contains no allegation of facts supporting the conclusion that the Defendant either specifically desired to injure the Plaintiff, or that it knew an injury to the Plaintiff was certain or substantially certain to occur." Decision and Order filed September 26, 2025.

{¶ 20} Harris deems the heightened pleading standard as "some vague pleading standard," but the Supreme Court in *Mitchell* was very clear about what a complaint needs to allege in order to survive a motion to dismiss. Appellant's Brief at 5. Harris asserts the trial court ignored the factual allegations in the complaint and therefore "converted what should have been a factual inquiry into a legal determination at the pleading stage." *Id.* at 2. Harris argues Tri-Tech intentionally permitted the offending employee (Bruce Foster) onto the premises when they "knew he had a firearm, knew he was intoxicated, and knew he was in an unstable mental condition" and such intentional act "is an act which is substantially certain to cause injury as it did in this case." *Id.* at 3-4.

{¶ 21} In his complaint, Harris alleged the following against Tri-Tech in its entirety:

1. On or about February 4, 2025, Plaintiff, Nicolas Harris, was an employee working in the course and scope of his employment with Defendant, Tri-Tech Laboratories, LLC, doing business as KDC/one, located at 8825 Smiths Mill Road, in New Albany, in Licking County, Ohio, when a fellow employee, Bruce Foster, also working in the course and scope of his employment, brought a firearm on the premises and shot the Plaintiff and six other co-workers, resulting in the damages, injuries, harms and losses as hereinafter set forth.

2. Defendant, Tri-Tech Laboratories, LLC, doing business as KDC/one, negligently, intentionally, willfully, wantonly, recklessly, unlawfully, in violation of R.C. 2745.01, OSHA and Ohio safety standards, and without any regard for the safety of the Plaintiff, with the deliberate

intent to injure or kill him, and with the belief that his injury or death was substantially certain to occur:

   a. permitted Bruce Foster on the work premises with a firearm;

   b. failed to provide adequate security for its employees;

   c. provided inadequate hiring, training, monitoring and supervision of its employees, including Bruce Foster;

   d. permitted Bruce Foster on the premises in an intoxicated and unstable mental condition;

   e. permitted and promoted a hostile and unsafe work environment;

   f. caused and permitted to cause Plaintiff and his co-workers to be shot with a firearm by a co-employee.

{¶ 22} We find, as did the trial court, that the complaint does not make any allegations that Tri-Tech "either specifically desired to injure the Plaintiff, or that it knew an injury to the Plaintiff was certain or substantially certain to occur." Even accepting the factual allegations of the complaint as true, Harris's claim does not meet the heightened pleading standard to plead an employer intentional tort. Harris did not make any allegations that Tri-Tech acted with "deliberate intent" to cause him to suffer his injuries. Harris admits in his appellate brief that he "would need to speculate, guess, assume, or even lie in the complaint about Defendant's conduct or intentions to provide any more details than is already known." Appellant's Brief at 4. Therefore, he argues the trial court erred in dismissing his claims on the pleadings before discovery could be completed. *Id.* at 5. But Harris never asked for time to complete discovery before a ruling. On the contrary, on September 18, 2025, after the motion to dismiss, memorandum in

opposition, and reply were all filed, Harris filed a joint motion to stay "all discovery-related deadlines" pending a ruling on the motion to dismiss. Harris cannot now argue that the trial court should have waited to rule until discovery was completed when he himself agreed to stay discovery.

{¶ 23} Upon review, we find the trial court did not err in granting Tri-Tech's motion to dismiss.

{¶ 24} The sole assignment of error is denied.

{¶ 25} For the reasons stated in our accompanying Opinion, the judgment of the Licking County Court of Common Pleas is AFFIRMED.

{¶ 26} Costs to Appellant.

By: King, P.J.

Hoffman, J. and

Baldwin, J. concur.