[Cite as *First-Knox Natl. Bank v. MSD Properties, Ltd.*, 2015-Ohio-4574.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| FIRST-KNOX NATIONAL BANK, et al., | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiffs - Appellees | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| MSD PROPERTIES, LTD., et al., | : | Case No. 15CA6 |
| | : | |
| Defendants - Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:            Appeal from the Knox County Court
                                    of Common Pleas, Case No.
                                    14OT11-0371


JUDGMENT:                           Affirmed in part;
                                    Reversed and Remanded in part


DATE OF JUDGMENT:                   November 3, 2015


APPEARANCES:

For Plaintiffs-Appellees                For Defendants-Appellants

KIM M. ROSE                             JACK L. MOSER, JR.
Critchfield, Critchfield & Johnston LTD. 107 W. Johnstown Road
10 S. Gay Street                        Gahanna, OH 43230
P.O. Box 469
Mount Vernon, OH 43050

*Baldwin, J.*

{¶1}   Appellants MSD Properties, LTD and Michael Shawn Dennis appeal a judgment of the Knox County Common Pleas Court dismissing their claims against appellees First-Knox National Bank and Sunny Green LLC.

STATEMENT OF THE FACTS AND CASE

{¶2}   Appellants MSD Properties, LTD leased property from appellees, which they in turn leased to Todd Hempfield as Unit 16, Inc., who operated a bar on the premises known as "Banana Joe's."  According to the pleadings in the case, in March of 2014, Todd Hempfield as Unit 16, Inc., approached appellee First Knox directly about executing a lease agreement for the property.

{¶3}   Appellees provided appellants and Hempfield notice of termination of the lease on August 30, 2014, effective September 30, 2014.  Appellants remained on the property and on October 1, 2014, appellees served a three-day notice to vacate the premises.  When appellants failed to vacate, appellees filed a forcible entry and detainer action in the Mount Vernon Municipal Court.  Appellants filed counterclaims for retaliatory eviction, tortious interference with a business relationship, and fraud.  Because the amount of damages sought in the counterclaims exceeded the jurisdictional limits of the municipal court, and after the forcible entry and detainer action was resolved in the municipal court, the case was transferred to the Knox County Common Pleas Court.

{¶4}   Following the transfer, appellees filed a motion to dismiss the complaint pursuant to Civ. R. 12(B)(6).  Appellants sought leave to amend the pleadings, which

the trial court did not expressly overrule but implicitly overruled by granting appellees' Civ. R. 12(B)(6) motion to dismiss. The trial court dismissed the counterclaims on the basis that retaliatory eviction is not actionable under R.C. 5321.02 for a commercial lease, appellants had not alleged a set of facts that appellees interfered with a business relationship between them and a third party, and appellants failed to plead fraud with specificity.

{¶5} Appellants assign four errors on appeal:

{¶6} "I. THE TRIAL COURT ERRED, ABUSED ITS DISCRETION AND MISCONSTRUED ITS APPLICATION OF OHIO RULES OF CIVIL PROCEDURE 15(A) BY IMPLICITLY DENYING APPELLANTS' MOTION FOR LEAVE TO AMEND APPELLANTS' ANSWER AND COUNTERCLAIMS.

{¶7} "II. THE TRIAL COURT ERRED, ABUSED ITS DISCRETION AND MISCONSTRUED ITS APPLICATION OF OHIO RULES OF CIVIL PROCEDURE 15(A) BY REFUSING TO GRANT APPELLANTS' MOTION FOR LEAVE TO AMEND APPELLANTS' ANSWER AND COUNTERCLAIMS.

{¶8} "III. THE TRIAL COURT ERRED, ABUSED ITS DISCRETION AND MISCONSTRUED ITS APPLICATION OF OHIO RULES OF CIVIL PROCEDURE 12(B)(6) WHEN IT GRANTED PLAINTIFFS' FIRST MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS FOR TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS.

{¶9} "IV. THE TRIAL COURT ERRED, ABUSED ITS DISCRETION AND MISCONSTRUED ITS APPLICATION OF OHIO RULES OF CIVIL PROCEDURE

12(B)(6) WHEN IT GRANTED PLAINTIFFS' FIRST MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS FOR FRAUD."

I., II.

{¶10} We address appellants' first and second assignments of error together, as both claim error in the trial court's implicit overruling of their motion to amend their answer and counterclaim.

{¶11} Civ. R. 15(A) provides in pertinent part:

A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within fourteen days after service of the amended pleading, whichever is later.

{¶12} While Civ.R. 15(A) favors a liberal policy when the trial court is confronted with a motion to amend a pleading, the role of this Court is to determine whether the trial court's decision was an abuse of discretion, not whether it was the same decision

we might have made. *Wilmington Steel vs. Cleveland Electric Illuminating Company*, 60 Ohio St.3d 120, 122, 573 N.E.2d 622 (1991). The term "abuse of discretion" connotes more than an error or law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Id.*

{¶13} Appellants sought to amend their counterclaims on February 6, 2015, to "address issues raised in Plaintiffs' Motion to Dismiss and related pleadings." They further sought to add a cause of action for voluntary bailment and conversion.

{¶14} While appellants' motion states that the amended counterclaims are attached to the motion, the proposed amendment is not attached to the original motion in the file as transmitted to this Court for review. Appellants did append a file-stamped copy of the amended counterclaims to their brief. However, appellants did not plead fraud with specificity in this amended document, and their cause of action for conversion and bailment was based on facts known to them at the time they filed their original answer and counterclaims. The trial court did not abuse its discretion in overruling the motion to amend the answer and counterclaims.

{¶15} The first and second assignments of error are overruled.

III.

{¶16} In their third assignment of error, appellants argue the court erred in dismissing their cause of action for tortious interference with a business relationship.

{¶17} To dismiss a complaint for failure to state a claim upon which relief may be granted under Civ.R. 12(B)(6), it must be shown "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144, 573 N.E.2d 1063 (1991). In applying

this standard, all factual allegations in the complaint are taken as true and all reasonable inferences are made in favor of the nonmoving party. Appellate review of a Civ. R. 12(B)(6) dismissal is de novo. *Hunt v. Marksman Prod. Div. of S/R Industries, Inc.,* 101 Ohio App.3d 760, 656 N.E.2d 726 (1995).

{¶18}  Civ. R. 12(B)(6) further sets forth what the trial court may consider in ruling on a motion to dismiss:

> When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

{¶19}  The elements of tortious interference with a business relationship are: (1) the existence of a prospective business relationship; (2) the wrongdoer's knowledge thereof; (3) an intentional interference causing a breach or termination of the relationship; and (4) damages resulting therefrom. *Gen. Medicine, P.C. v. Morning View Care Ctr .,* 5th Dist. Tuscarawas No. 2003AP12–0088, 2004–Ohio–4669, ¶ 48..

{¶20}  Appellants' counterclaim alleged that appellees intentionally disrupted the relationship between MSD and Unit 16, Inc. by entering into a "second lease" with Unit

16, Inc. for the purpose of conducting the business known as Banana Joe's. The claim further alleged that appellees interfered with the business relationship between MSD and Unit 16 by locking MSD out of possession of the premises. The counterclaim alleged that appellees knowingly leased the premises to MSD for the specific purpose of MSD subleasing to Unit 16, for the operation of the business known as Banana Joe's. Appellants alleged that they had been damaged by appellees' actions. These allegations, when taken as true and construing all inferences in favor of appellants, set forth a claim for tortious interference with a business relationship.

{¶21} In the trial court and before this Court, appellees rely on the findings of fact of the Mount Vernon Municipal Court and the evidence presented in that case to support their argument that appellants cannot demonstrate entitlement to relief for tortious interference with a business relationship. However, appellees' argument relies on evidence outside the pleadings. In the instant case, the trial court did not convert the motion to a motion for summary judgment and dispose of it in accordance with Civ. R. 56, and thus could not consider matters outside of the pleadings. Appellees' argument is in the nature of a claim that the issues raised by appellants are res judicata; however, res judicata cannot be raised in a Civ. R. 12(B)(6) motion. See *Wellman v. Wheeling & Lake Erie Railway Co.,* 5th Dist. Stark No. 999CA00161, 2000 WL 93986 (December 29, 1999). The court erred in granting appellees' Civ. R. 12(B)(6) motion as to the claim for tortious interference with a business relationship.

{¶22} Appellants' third assignment of error is sustained.

IV.

{¶23} In their fourth assignment of error, appellants argue that the court erred in dismissing their claim for fraud for lack of specificity.

{¶24} To prove fraud, a plaintiff must establish the following elements: (1) a representation, or silence where there is a duty to disclose, (2) which is material to the transaction, (3) made falsely, with knowledge of its falsity, or with such utter disregard as to its truth that knowledge may be inferred, (4) with the intent to mislead another into relying on it, (5) justifiable reliance on the representation, and (6) resulting injury proximately caused by the reliance. E.g., *Williams v. Aetna Financial Co.*, 83 Ohio St.3d 464, 475, 700 N.E.2d 859 (1998).

{¶25} In addition, a plaintiff alleging fraud must plead with particularity the circumstances constituting fraud. Civ. R. 9(B). The circumstances constituting fraud include the time, place, and content of the false representation; the fact misrepresented; the identification of the individual giving the false representation; and the nature of what was obtained or given as a consequence of the fraud. *Aluminum Line Products Co. v. Smith Roofing Co., Inc*, 109 Ohio App.3d 246, 259, 671 N.E.2d 1343 (1996).

{¶26} Appellants' claim for fraud does not set forth the facts constituting their fraud claim. They did not set forth the time, place, or content of the false representation, and generally allege that they were misled by appellees at the time they entered the lease. The claim does not set forth the fact misrepresented or the nature of what was obtained or given as a consequence of the fraud. The court did not err in dismissing the fraud claim for failure to plead with specificity as require by Civ. R. 9(B).

{¶27} The fourth assignment of error is overruled.

{¶28} The judgment of the Knox County Common Pleas Court dismissing appellant's claim for tortious interference with a business relationship is reversed. The judgment is affirmed in all other respects. This cause is remanded to that court for further proceedings according to law. Costs are to be divided equally between the parties.

By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.