[Cite as *Huggins v. Ark*, 2018-Ohio-658.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SUSAN G. HUGGINS | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| KIMBERLY J. ARK | : | Case No. 17 CAE 08 0059 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Delaware County
Court of Common Pleas, Case No.
16 CV H 11 0669

JUDGMENT:                                        Affirmed

DATE OF JUDGMENT:                        February 21, 2018

APPEARANCES:

For Plaintiff-Appellant

KYLIE A. EHRHART
848 W. Mary St.
Bucyrus, Ohio 44820

For Defendant-Appellee

KIMBERLY J. ARK, pro se
8964 Holquest Drive
Lewis Center, Ohio 43035

*Baldwin, J.*

{¶1} Plaintiff-appellant Susan G. Huggins appeals from the July 18, 2017 Judgment Entry of the Delaware County Court of Common Pleas denying her Motion for Default Judgment against defendant-appellee Kimberly J. Ark.

## STATEMENT OF THE FACTS AND CASE

{¶2} On November 7, 2016, appellant Susan G. Huggins filed a complaint against appellee Kimberly J. Ark. Appellant, in her complaint, alleged that she was the mother of Russell Ark who had been married to appellee until their divorce in September of 2016. Appellant alleged that appellee and Russell Ark had three children including a daughter named Lindsey N. Ark. Thus, Lindsey is appellant's granddaughter.

{¶3} According to appellant, on or about August 16, 2011, appellee called appellant and told her that Lindsey had been admitted to college and would be starting her freshman year in two days, but that Lindsey did not have enough money to pay for college and would be unable to attend unless appellant co-signed an obligation for a student loan with SallieMae. Appellant further alleged that appellee told appellant that she would guarantee that every single payment would be made timely and that appellant would not have any problems regarding payments. Appellant alleged that, in reliance on appellee's representations, she agreed to co-sign on the student loan application and promissory note and that after Lindsey defaulted, SallieMae repeatedly demanded monthly payments from her.

{¶4} In her complaint, appellant alleged that, as a result, her credit rating had been damaged and her privacy invaded. Appellant, in part, sought a "declaratory

judgment indicating that [appellee] in fact owes the obligation to SallieMae, as if she were an original co-signer, and owes the obligation to hold [appellant] harmless therefrom."

{¶5}    After appellee failed to file an answer to the complaint, appellant, on December 30, 2016, filed a Motion for Default Judgment against appellee, asking for the relief demanded in the complaint. A hearing on the motion was held on May 8, 2017. As memorialized in a Judgment Entry filed on July 18, 2017, the trial court denied the motion. The trial court held that appellant was not entitled to a declaratory judgment against appellee and dismissed the complaint.

{¶6}    Appellant now raises the following assignment of error on appeal:

{¶7}    I. THE TRIAL COURT INCORRECTLY HELD THAT PLAINTIFF IS NOT ENTITLED TO A DECLARATORY JUDGMENT AGAINST DEFENDANT.

I

{¶8}    Appellant, in her sole assignment of error, argues that the trial court erred in holding that she was not entitled to a declaratory judgment against appellee. We disagree.

{¶9}    As is stated above, appellant maintains that she is entitled to a declaratory judgment that appellee "owes the obligation to SallieMae, as if she were an original co-signer, and owes the obligation to hold [appellant] harmless therefrom" under the theory of promissory estoppel. Promissory estoppel is an equitable doctrine for preventing the harm resulting from reasonable reliance upon false representations. *GGJ, Inc. v. Tuscarawas Cty. Bd. of Commrs.,* 5th Dist. Tusc. No.2005AP070047, 2006–Ohio–2527, citing *Karnes v. Doctors Hosp.,* 51 Ohio St.3d 139, 142, 555 N.E.2d 280 (1990). The party asserting promissory estoppel bears the burden of proving, by clear and convincing

evidence, all of the elements of the claim. *In re Estate of Popov,* 4th Dist. No. 02CA26, 2003–Ohio-4556. The elements necessary to establish a claim for estoppel are: (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party claiming estoppel must be injured by the reliance. *Schepflin v. Sprint–United Telephone of Ohio,* 5th Dist. Richland No. 96–CA–62–2, 1997 WL 1102026 (April 29, 1997), citing *Stull v. Combustion Eng., Inc.,* 72 Ohio App.3d 553, 557, 595 N.E.2d 504 (3d Dist.1991).

**{¶10}** In the case sub judice, the student loan that SallieMae is purportedly attempting to collect on lists Lindsey Ark as the student and appellant as the co-signer. Appellee was not a party to the same and there is no allegation that appellee made any promises to SallieMae that she would pay the obligation. It is axiomatic that a court cannot create new terms that contradict the terms of the parties' contractual agreements. *Lehigh Gas–Ohio, L.L.C. v. Cincy Oil Queen City, L.L.C.*, 2016-Ohio-4611, 66 N.E.3d 1226, paragraph 24 (12th Dist). By granting appellant the declaratory judgment that she requests, the trial court would be, in essence, rewriting the contract between SallieMae, Lindsey, and appellant. As noted by the trial court, "SallieMae did not enter into an agreement with [appellee] for payment of the student loan obligation. This Court, therefore, cannot now order that [appellee]-not [appellant]- is responsible to SallieMae for the student loan obligation."

**{¶11}** Based on the foregoing, we find that the trial court did not err in holding that appellant was not entitled to a declaratory judgment against appellee.

**{¶12}** Appellant's sole assignment of error is, therefore, overruled.

**{¶13}** Accordingly, the judgment of the Delaware County Court of Common Pleas is affirmed.

By: Baldwin, J.

John Wise, P.J. and

Delaney, J. concur.