[Cite as *Health & Wellness Lifestyle Clubs v. Valentine*, 2021-Ohio-42.]

wCOURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| HEALTH AND WELLNESS | : | Hon. W. Scott Gwin, P.J. |
| LIFESTYLE CLUBS | : | Hon. John W. Wise, J. |
|  | : | Hon. Earle E. Wise, J. |
| Plaintiff-Appellant | : |  |
|  | : |  |
| -vs- | : | Case No. 2020CA00083 |
|  | : |  |
| CAROLYN VALENTINE | : |  |
|  | : | <u>OPINION</u> |
| Defendant-Appellee |  |  |

CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of Common Pleas, Case No. 2019CV01587

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT ENTRY:     January 8, 2021

APPEARANCES:

For Plaintiff-Appellant

For Defendant-Appellee

MICHAEL R. STAVNICKY
33333 Richmond Road, #370
Beachwood, OH 44122

RICHARD G. WITKOWSKI
NICHOLAS J.DERTOUZOS
25 West Prospect Avenue
Cleveland, OH 44115

*Gwin, P.J.*

{¶1} Appellant appeals the April 7, 2020 judgment entry of the Stark County Court of Common Pleas granting appellee's motion for judgment on the pleadings and denying appellant's request for leave to amend the complaint.

*Facts & Procedural History*

{¶2} On August 6, 2019, appellant Health and Wellness Lifestyle Clubs, LLC, filed a complaint against appellee Carolyn Valentine for fraudulent and negligent misrepresentation (Count I), promissory estoppel (Count II), and professional negligence (Count III) in the Stark County Court of Common Pleas.

{¶3} Appellant in this case previously filed a complaint in the United States District Court for the Northern District of Ohio in October of 2017 against multiple defendants, including Raintree Golf Club, LLC, and John Rainieri. The district court classified these defendants as the "Raintree Defendants." Appellee was not named as a defendant in the district court case. Appellant brought claims against the Raintree Defendants for breach of contract, negligence, misrepresentation, fraudulent concealment, fraudulent inducement, and common law fraud. The Raintree Defendants moved for partial summary judgment against appellant on their breach of contract claim. Appellant sought summary judgment on the Raintree Defendant's counterclaim seeking a declaratory judgment that no contract currently exists between the Raintree Defendants and appellant, and that the Raintree Defendants are under no obligation to sell either golf course to appellant.

{¶4} The district court issued an order and decision on March 28, 2019, granting partial summary judgment to the Raintree Defendants on Count I of appellant's complaint

and Count I of the Raintree Defendants' counterclaim. *Health and Wellness Lifestyle Clubs, LLC v. Raintree Golf, LLC, et al.*, N.D. Ohio No. 1:17CV2189, 2019 WL 1409364 (March 28, 2019).

{¶5} The district court found appellant could not succeed on its breach of contract claim for the following reasons: the purchase agreements were expressly conditioned on appellant providing unconditional commitment(s) for financing, and no such commitment(s) were ever provided; all of the closing deadlines expired; there was no "breach" by the Raintree Defendants; and appellant is not entitled to the relief of specific performance that it requests. According to the district court, the failure of the Raintree Defendants to disclose the overall poor financial condition of the golf course did not prevent the condition precedent from occurring; in fact, had the Raintree Defendants disclosed the overall poor financial condition, lenders would not have approved the financing.

{¶6} In May of 2019, the parties stipulated to the dismissal of appellant's remaining claims, without prejudice, shortly after the district court entered summary judgment on appellant's breach of contract claim. In *Health and Wellness Lifestyle Clubs, LLC v. Raintree Golf, LLC and John Rainieri*, 6th Cir. No. 19-3533, 808 Fed.Appx. 338 (April 6, 2020), the Sixth Circuit Court of Appeals affirmed the decision of the district court granting summary judgment to the Raintree Defendants on other grounds, finding the contract was unambiguous regarding the financial disclosure requirements and that no amount of discovery would have changed the unambiguous language of the parties' contract.

{¶7} In this case, the complaint provides as follows with respect to the fraudulent and negligent misrepresentation claim: Valentine is a certified public accountant who provided accounting services to Raintree County Club, Prestwick Country Club, and their affiliated entities; appellant was under contract to purchase both country clubs in 2017; during the due diligence process, a series of financial documents, accountings, and reports were provided to appellant by and through appellee; appellee never disclosed her familiar relationship with the owners of Raintree County Club and Prestwick Country Club; the financial information, accountings, reports and data provided by appellee was materially inaccurate and misleading, due in part to the interrelated nature of the companies and the common ownership; this caused misleading accounts receivables inflating the business value and contrastingly, when the receivables were written off, it created phantom income without actual value; the financial information, accountings, reports, and data provided by appellee were not prepared in accordance with GAAP; and, as a result of appellee's negligent and fraudulent misrepresentations of the financial information, appellant has been damaged in an amount to be determined at trial.

{¶8} Appellee filed a motion for judgment on the pleadings on November 27, 2019. In her motion, appellee argued: as to Count I, the complaint fails to plead fraud with particularity; appellant cannot maintain a fraud claim because appellee did not conceal any facts which she had a duty to disclose; Count II fails to state a claim for promissory estoppel; and Count III fails to state a claim for accountant negligence. On January 8, 2020, appellant filed a "brief in opposition to motion for judgment on the pleadings or in the alternative leave to file an amended complaint." Appellant argued the motion should be denied because appellee failed to show that appellant could prove no

set of facts in support of its claim that would entitle it to relief. Appellant also filed an alternative motion to amend its complaint to provide additional detail if the trial court found a more specific statement was necessary. Appellee filed a reply on January 27, 2020.

{¶9} The trial court issued a judgment entry granting appellee's motion for judgment on the pleadings on April 7, 2020. The trial court cited the district court decision in the *Health and Wellness Lifestyle Clubs, LLC v. Raintree Golf, LLC, et al.*, N.D. Ohio No. 1:17CV2189, 2019 WL 1409364 (March 28, 2019) case in its analysis. The trial court stated that, even if appellant's claims against appellee were true, appellee's alleged conduct of overstating the business value of the golf courses could not have prevented appellant from obtaining the requisite third-party financing necessary to close the sale; rather, it was appellant's failure to obtain financing that caused any alleged damages as was the case in the federal lawsuit. Further, "had Valentine not allegedly inflated the clubs' value in the financial reports she prepared, but instead disclosed the alleged poor financial condition of the clubs, then the same result would have occurred, perhaps worse."

{¶10} Additionally, as to appellant's request for leave to file an amended complaint, the trial court found such amendment would have been futile, as the amended complaint would be subject to the motion to dismiss. The court therefore denied appellant's request for leave to amend the complaint.

{¶11} Appellant appeals the April 7, 2020 judgment entry of the Stark County Court of Common Pleas and assigns the following as error:

{¶12} "I. THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR JUDGMENT ON THE PLEADINGS AS VALID CLAIMS WERE ALLEGED.

{¶13} "II. THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR JUDGMENT ON THE PLEADINGS BY CLAIMING A CONDITION PRECEDENT BARRED A TORT CLAIM.

{¶14} "III. THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR JUDGMENT ON THE PLEADINGS FINDING NO DAMAGES.

{¶15} "IV. THE TRIAL COURT ERRED IN NOT ALLOWING PLAINTIFF TO AMEND."

*Motion for Judgment on the Pleadings*

{¶16} The trial court granted judgment on the pleadings for appellee and against appellant. Motions for judgment on the pleadings are governed by Civil Rule 12(C), which provides, "After the pleadings are closed but within some time as not to delay the trial, any party may move for judgment on the pleadings." Pursuant to Civil Rule 12(C), dismissal is only appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the non-moving party as true, and (2) finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *State ex. Rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 664 N.E.2d 931 (1996).

{¶17} Our appellate standard of review on a Civil Rule 12(C) motion is de novo. *Columbus v. Sanders*, 5th Dist. Delaware No. 11 CAE 05 0047, 2012-Ohio-1514. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Kramer Installations Unlimited*, 147 Ohio App.3d 350, 770 N.E.2d 632 (5th Dist. 2002).

I., II., III.

{¶18} In appellant's first three assignments of error, appellant contends the trial court committed error when it granted appellee's Civil Rule 12(C) motion for judgment on the pleadings.

{¶19} Appellant first argues the trial court reached beyond the pleadings into hypothetical factual analysis and made factual determinations beyond the four corners of the pleadings. We agree with appellant.

{¶20} In its decision, the trial court cited the district court decision and determined that, had appellee not allegedly inflated the clubs' value in the financial reports, then the same result would have occurred, perhaps worse, and any damages were not caused by appellee's actions. These determinations by the trial court are factual determinations.

{¶21} The district court's partial summary judgment decision only dealt with the breach of contract claim and corresponding declaratory judgment counterclaim. The remaining claims against the Raintree Defendants were dismissed. In this tort case, appellant is not seeking damages from the seller of the golf courses like they were in the district court case; rather, appellant is seeking damages from the seller's accountant. Accordingly, this case involves a different factual analysis and requires the resolution of factual matters beyond the scope of the pleadings. *State ex rel. Lee v. Trumbull Cty. Probate Court*, 83 Ohio St.3d 369, 700 N.E.2d 4 (1998).

{¶22} Because a Civil Rule 12(C) motion is restricted solely to the allegations in the pleadings, the trial court's decision based upon the judgment entries of the district court was premature in that the issues were beyond the four corners of the pleadings.

*Carver v. Mack*, 5th Dist. Richland No. 2005CA0053, 2006-Ohio-2840.  We find the trial

court committed error in granting appellee's motion for judgment on the pleadings.

{¶23}  Appellee encourages this Court, in our de novo review, to affirm the granting

of the motion for judgment on the pleadings for a separate reason not cited by the trial

court in its decision.  Appellee argues appellant's complaint fails to plead fraud with

particularity, as mandated by Ohio Civil Rule 9(B).  In its judgment entry, the trial court

held that appellee's motion to dismiss was granted based upon the rationale contained in

the district court decision, and did not address whether the complaint was pled with

sufficient particularity.

{¶24}  To prove fraud, a plaintiff must establish the following elements: (1) a

representation, or silence where there is a duty to disclose, (2) which is material to the

transaction, (3) made falsely, with knowledge of its falsity, or with such utter disregard as

to its truth that knowledge may be inferred, (4) with the intent to mislead another into

relying on it, (5) justifiable reliance on the representation, and (6) resulting injury

proximately caused by the reliance.  *Williams v. Aetna Finance Co.*, 83 Ohio St.3d 464,

700 N.E.2d 859 (1998).  In addition, a plaintiff alleging fraud must plead with particularity

the circumstances constituting fraud.  Civil Rule 9(B).

{¶25}  The circumstances constituting fraud include the time, place, and content

of the false representation; the fact misrepresented; the identification of the individual

giving the false representation; and the nature of what was obtained or given as a

consequence of the fraud.  *First-Knox Nat'l Bank v. MSD Properties, Ltd.*, 5th Dist. Knox

No. 15CA6, 2015-Ohio-4574.  However, the Civil Rule 9(B) requirement of particularity in

the pleading of fraud "must be applied in conjunction with the general directives in Civ.R.

8 that the pleadings should contain a 'short and plain statement of the claim' and that each averment should be 'simple, concise, and direct.'" *F&J Roofing Co. v. McGinley & Sons*, 35 Ohio App.3d 16, 518 N.E.2d 1218 (9th Dist. Summit 1987)

{¶26} This Court has previously found that fraud complaints are not pled with particularity when the allegations contained in the complaint are general. *First-Knox Nat'l. Bank v. MSD Properties, Ltd.*, 5th Dist. Knox No. 15CA6, 2015-Ohio-4574 (general allegation that appellants were misled by appellees at the time they entered a lease did not plead fraud with particularity); *Advanced Prod. Ctr., Inc. v. Emco Maier Corp*, 5th Dist. Delaware No. 2003CAE03020, 2003-Ohio-6206 (complaint failing to allege the time or place of the false representation and failing to set forth the individual who made the false representation was not pled with particularity); *Miller v. Med. Mut. of Ohio*, 5th Dist. Coshocton No. 2012CA0020, 2013-Ohio-3179 (appellants fraud complaint was not pled with particularity when appellants failed to identify: the content of the allegations, when such allegations were made, by whom they were made, the falsity of the allegations, and the consequences of such misrepresentations).

{¶27} However, unlike the cases cited above, in this case, the complaint sets forth the time of the fraud (during the due diligence process culminating in a contract to purchase in 2017), the identification of the individual giving the false representation (Valentine, as a certified public accountant), and the nature of what was obtained or given as a consequence of the fraud (materially inaccurate and misleading reports and financial information provided by appellee caused misleading accounts receivables inflating the business value and created phantom income without actual value).

{¶28} Appellee contends the averments in the complaint do not sufficiently set forth the content of the false representation. We disagree. The complaint did not merely say that misrepresentations or omissions were made. It specified that appellee provided materially inaccurate and misleading financial information, accounting, reports, and data regarding the financial position by including misleading accounts receivables inflating the business value and writing the receivables off, creating phantom income without actual value. See *Koltcz v. Alchem Corp.*, 8th Dist. Cuyahoga No. 59205, 1991 WL 232186 (Nov. 7, 1991); *Haddon View Investment Co. v. Lybrand*, 70 Ohio St.2d 154, 436 N.E.2d 212 (1982) (finding fraud pled with particularity when allegations of fraud in the complaint were based on misstatements and omissions of information from the financial statement on which the partners relied); *Korodi v. Minot*, 40 Ohio App.3d 1, 531 N.E.2d 318 (10th Dist. 1987). In this case, appellee was sufficiently apprised of the specific claims it was required to answer. *Haddon View Investment Co. v. Lyband*, 70 Ohio St.2d 154, 436 N.E.2d 212 (1982).

{¶29} Appellee also contends the counts of promissory estoppel and professional negligence are subject to their motion for judgment on the pleadings. Promissory estoppel and professional negligence claims are not fraud claims pursuant to Civil Rule 9(B). Ohio is a notice-pleading state; the plaintiff need not prove its case at the pleading stage. *Thompson v. Buckeye Joint Vocational School Dist.*, 5th Dist. Tuscarawas No. 2015 AP 08 0047, 2016-Ohio-2804. Pursuant to Civil Rules 8(A) and 8(E), notice pleading simply requires that a claim or defense concisely set forth only those operative facts sufficient to give "fair notice of the nature of the action." *Devore v. Mutual of Omaha Ins. Co.*, 32 Ohio App.2d 36, 288 N.E.2d 202 (7th Dist. 1972).

{¶30} In its complaint, appellant alleges the following as to Count II, promissory estoppel: appellee promised the financial information provided was true and accurate, but the financial information was not accurate, not prepared in accordance with GAAP, and was materially misleading; appellant reasonably relied to its detriment on appellee's promises; and as a result of appellant's reasonable, detrimental reliance upon appellee's promises, appellant has been damaged in an amount to be determined at trial. As to Count III, professional negligence, appellant avers in the complaint as follows: appellee prepared financial documents and reports that were foreseeably being relied upon by appellant in seeking to purchase the Raintree Country Club and Prestwick Country Club; appellee's duty as an accountant was to prepare all financial documents and reports using generally accepted accounting principles; this duty extends to any third person to whom they understand the information or reports will be shown to for business purposes, including appellant to whom appellee directly communicated on numerous occasions; and, as a result of appellant's reasonable and foreseeable reliance upon appellee's reports and financial information, appellant was damaged in an amount to be determined at trial.

{¶31} The elements necessary to establish a claim for estoppel are: (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise was made; (3) the reliance must be reasonable and foreseeable; and (4) the party claiming estoppel must be injured by the reliance. *Huggins v. Ark*, 5th Dist. Delaware No. 17 CAE 08 0059, 2018-Ohio-658. In an action for professional negligence, the plaintiff must demonstrate: (1) the existence of a legal duty; (2) a breach of that duty; (3) proximate

cause; and (4) injury or damages.  *Ortner v. Kleshinski, Morrison & Morris*, 5th Dist. Richland No. 02-CA-4, 2002-Ohio-4388.

{¶32}  Upon review and construing the allegations of the complaint as true and all reasonable inferences to be drawn therefrom in a light most favorable to appellant, we find appellant at this stage has sufficiently alleged causes for promissory estoppel and negligence in its complaint.

{¶33}  We therefore decline to affirm the trial court's Civil Rule 12(C) dismissal of this case based on appellee's theory, not used by the trial court in its analysis, that the counts were not properly pled in the complaint.  Construing the allegations in the complaint as true and all reasonable inferences in a light most favorable to appellant, we find appellant sufficiently alleged fraud with particularity, promissory estoppel, and professional negligence.

{¶34}  Both appellant and appellee make several other arguments in their appellate briefs, such as whether appellant can prove damages, whether the failure to obtain financing was the cause of appellant's damages, whether the condition precedent of financing was applicable to this tort case, and whether, pursuant to both *Haddon View Investment Co. v. Coopers & Lybrand*, 70 Ohio St.2d 154, 436 N.E.2d 212 (1982) and *Ortner v. Kelshinski, Morrison & Morris*, 5th Dist. Richland No. 02-CA-4, 2002-Ohio-4388, reasonable minds could conclude that appellant is a member of a limited class whose reliance on the accountant's (appellee's) representation is specifically foreseen. However, both parties include information and matters outside the pleadings in these arguments.  A 12(C) motion is restricted solely to the allegations in the pleadings.

{¶35} The only question at this point in time is whether, construing the material allegations in the complaint in favor of appellant, whether appellant could prove any set of facts in support of its claim that would entitle it to relief. As detailed above, we find appellant sufficiently apprised appellee of the claims she was required to answer. The balance of the arguments that reference matters and include information outside the pleadings are premature.

{¶36} The portion of appellant's assignments of error arguing the trial court erred in granting appellee's motion for judgment on the pleadings are sustained.

IV.

{¶37} In its fourth assignment of error, appellant contends the trial court abused its discretion when it denied appellant's motion to amend.

{¶38} The trial court denied appellant's motion to amend the complaint, finding such amendment would be futile, as the amended complaint would also be subject to the motion to dismiss.

{¶39} Based upon our determination that the trial court erred in granting appellee's motion for judgment on the pleadings, we find the trial court also committed error in determining an amended complaint would be subject to the motion for judgment on the pleadings. However, we also found the complaint sufficiently pled fraud, promissory estoppel, and professional negligence. Accordingly, appellant's fourth assignment of error is moot.

{¶40} Based on the foregoing, the portion of appellant's first three assignments of error arguing the trial court erred in granting appellee's motion for judgment on the pleadings are sustained. Appellant's fourth assignment of error is moot.

**{¶41}** The April 7, 2020 judgment entry of the Stark County Court of Common Pleas is reversed and remanded to the trial court for further proceeding consistent with this opinion.

By Gwin, P.J.,

Wise, John J., and

Wise, Earle, J., concur