[Cite as *Wolff v. Dunning Motor Sales*, 2021-Ohio-740.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| KEVIN A. WOLFF | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| DUNNING MOTOR SALES, | : | Case No. 20CA000011 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Guernsey County
                             Court of Common Pleas, Case No.
                             2019 CV 000003




JUDGMENT:                    Affirmed




DATE OF JUDGMENT:            March 11, 2021




APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

KEVIN A. WOLFF, Pro Se                  STEPHEN P. TABATOWSKI
1118 Wellstone Circle                   Curry, Roby & Mulvey Co., LLC
Apex, NC 27502                          30 Northwoods Blvd., Suite 300
                                        Columbus, Ohio 43235

*Baldwin, J.*

{¶1}    Appellant, Kevin A. Wolff, appeals the decision of the Guernsey County Common Pleas Court granting appellee's motion to dismiss pursuant to Civ.R. 12(b)(6). Appellee is Dunning Motor Sales.

## STATEMENT OF FACTS AND THE CASE

{¶2}    Wolff brought his 2002 Chevrolet Suburban to Dunning Motor Sales on January 5, 2016 for service.  The mechanic at Dunning examined the vehicle and quoted a price for repair that Wolff judged excessive, so he had the Suburban towed to his home. In January 2019, Wolff filed a complaint against Dunning, claiming that Dunning damaged his vehicle and that he was entitled to compensation for the damage.  Dunning moved to dismiss under Civ.R. 12(b)(6), arguing that the allegations in the complaint supported dismissal based upon the statute of limitations. The trial court agreed and granted the motion.  Wolff filed an appeal to bring this matter to the attention of this court.

{¶3}    Wolff filed a complaint against Dunning on January 3, 2019 alleging his 2002 Suburban was damaged by the actions of Dunning Motors.  While Wolff uses his brief to embellish the facts described in the complaint, our review of a decision granting a motion to dismiss is limited to consideration of the complaint or material incorporated into the complaint. *State ex rel. Fuqua v. Alexander* (1997), 79 Ohio St.3d 206, 207, 680 N.E.2d 985; *State ex rel. Keller v. Cox (1999*), 85 Ohio St.3d 279, 281-282, 707 N.E.2d 931. Our recitation of the facts includes only what is described or incorporated in the complaint.

{¶4}    We note that appellant references appellee's motion for summary judgment and the standard of review for summary judgment.  Appellant is mistaken as no motion

for summary judgment was presented to the court and, therefore, the standard of review for such a motion is inapplicable. This distinction is critical as the evidence to be considered in the context of a motion for summary judgment under Civ.R.56 is broader than what may be considered for a motion to dismiss under Civ.R.12(b)(6). When reviewing a motion for summary judgment, we consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C). As noted above, within the context of a Civ.R. 12(B)(6) motion to dismiss we are constrained to the complaint or the material incorporated in the complaint, so our factual review will focus only on that material available to us under Civ.R. 12(B). In the case before us, the only source of facts is the complaint.

{¶5} In his complaint, Wolff states that he was driving a 2002 Chevrolet Suburban on January 3, 2016 south of Cambridge, Ohio when the vehicle "started missing on a cylinder." Once it became clear that the "missing" would not resolve, he stopped and called for a tow truck to take him to the nearest Chevrolet dealer, appellee Dunning Motor Sales. Appellee was closed when Wolff arrived with his vehicle, so he left the Suburban in the back lot.

{¶6} Wolff returned to appellee's business on January 5, 2016, checked the oil and spark plugs in the Suburban and drove it into the service building to be repaired. After three hours he spoke with Louie, the service technician, who told him that the engine suffered a mechanical problem and that there was fuel in the oil. Wolff asked if Louie had checked the compression in the cylinder and found that he had not. The technician checked the compression and found that all cylinders except number 8 had compression,

possibly due to difficulty connecting the compression tester to the cylinder. The technician also checked the spark plugs and all looked fine.

{¶7} The technician used a "scope camera" to inspect the inside of the eighth cylinder and said "it did not look right" but Wolff looked at the screen and concluded the top of the piston "was clearly in good shape."

{¶8} The technician told Wolff that it would cost $7500.00 to repair the engine in the Suburban and Wolff disagreed. Wolff spoke to the service manager who directed him to the waiting room while the vehicle was reassembled. After reassembling it, the Suburban was towed to the rear lot. Wolff asked why it was towed to the back lot and if the vehicle was reassembled correctly, but did not receive an answer. He received the keys and started the vehicle. The Suburban sounded much worse, "like there was popcorn in it" and the technician jumped back when the vehicle started. Wolff asked the technician "what the hell he did to my truck," but received no answer.

{¶9} Wolff complained to the service manager and paid for the analysis, "knowing at the time that my truck had been vandalized by a Chevrolet dealership, the defendant." He suspected "at the time that the technician put a foreign object in my engine and that it broke something serious." He had the truck towed to his home and stored it in his mother's garage for further analysis when the weather was better and when he had more time. He was unable to inspect the vehicle for over one year due to his mother's failing health and his children's participation in high school sports.

{¶10} In April 2018 Wolff inspected the Suburban and concluded that the spark plug, the piston and one of the valves in cylinder eight was broken and that the vehicle required a new engine. Wolff concluded that "[I]t was now clear that the technician had

vandalized my engine and had put something in my engine that broke all the parts in cylinder number 8."

{¶11}  Over the next four months Wolff and his sons installed a new engine, but discovered that the new engine "acted the same as the old engine before it was vandalized by the defendant."  Wolff discovered that the problem was a faulty fuel injector for cylinder eight, and, after replacing the fuel injector, the engine worked well.   He concluded that the only problem with the old engine was the faulty fuel injector.

{¶12}  Wolff filed his complaint on January 3, 2019, nearly three years after the incident occurred, and demanded $10,000.00 to cover the cost of towing and repairing the Suburban and $10,000 for loss of use of the truck.  Dunning Motors filed a general denial of the allegations and included several affirmative defenses, including failure to state a claim for which relief may be granted and that the complaint was barred by the applicable statute of limitations.

{¶13}  For the next year the parties engaged in discovery disputes.  Wolff claimed that Dunning and its counsel were not cooperating and providing clear and appropriate answers to discovery requests and Dunning contended Wolff inappropriately refused to appear for his deposition.  The trial court struggled with a resolution and set deadlines, but Wolff was never satisfied with the discovery responses he received and Dunning was never able to conduct Wolff's deposition.

{¶14}  Wolff also asked the trial judge to disclose his relationship with the owner of Dunning Motor Sales and recuse himself from the case, contending that the judge may be biased in favor of Dunning.  The trial court rejected Wolff's request and the record

does not contain evidence that Wolff took any further action to have the trial judge removed from the case.

**{¶15}** Dunning filed a motion to dismiss pursuant to Civ.R. 12(B)(6) and R.C. 2305.10(A) on April 2, 2020, claiming that Wolff's complaint was barred by the statute of limitations. Dunning characterized the complaint as an action for damage to personal property and subject to the two-year statute of limitations under R.C. 2305.15(A). Dunning acknowledged that Wolff's complaint refers to a "contract infraction" but concluded that the complaint does not state a claim for breach of contract arguing that "[t]he substance of a claim, not the form of the complaint, determines the appropriate statute of limitations", citing *Hunter v. Shenango Furnace Co.,* 38 Ohio St.3d 235, 237, 527 N.E. 2d 871 (1988).

**{¶16}** Wolff responded to the motion by pointing out that he specifically stated within the complaint "that the action comes under Contract and Tort law." Wolff argued that he never limited the complaint to "property damage" and that "[i]t is inherent and clear from the materials produced by the Defendant during discovery that this case is based on a contract for analysis and repair of my vehicle by the defendant." He claimed cases relied upon by Dunning did not address damage to a motor vehicle and were distinguishable on their facts. "The fact that property damage occurred was merely a complication of the breach of contract and goes along with the damages aspect of the case, not to the cause of action" according to Wolff.

**{¶17}** Wolff concludes his argument by asserting that any statute of limitation should begin to run only after he had the opportunity to inspect the vehicle in April 2018 and confirm his suspicion that Dunning damaged his vehicle.

**{¶18}** Dunning filed a Reply and, due to purported delay in Wolff's receipt of Dunning's Reply both parties were given the opportunity to file supplemental materials and both did so. Dunning offered an analysis of what it characterized as the Andrianos Rule, derived from the Supreme Court of Ohio's decision in *Andrianos v. Community Traction Co.,* 155 Ohio St. 47, 97 N.E. 2d 549 (1951), That rule, as described by appellee, stands for "the proposition that it is the *'essence of the action'* and not the *'form of action'* which controls the applicable statute of limitations. (Emphasis added.) *Id.* at 51."

**{¶19}** Wolff replies by arguing that questions of fact remain to be decided regarding the appropriate statute of limitations to apply and when he knew or should have known that the engine had been damaged as a direct and proximate result of Dunning's actions. Wolff includes a reference to fraud in this pleading and attempted to file an amended complaint, but that complaint was stricken from the record by the trial court because Wolff had not requested leave to amend the complaint.

**{¶20}** The trial court granted the motion to dismiss on May 20, 2020 finding that "the alleged damage [Wolff] suffered did not result from a breach of an oral agreement to diagnose the problem, but rather Plaintiff's allegation that " 'the technician had vandalized my engine and had put something in my engine that broke all the parts in cylinder number 8' causing injury to Plaintiff's vehicle." The trial court found that the two-year statute of limitations of R.C. 2305.15(A) applied and began running on January 5, 2016 when Wolff "paid for the half ass analysis, knowing at the time that my truck had been vandalized by a Chevrolet dealership, the Defendant." The trial court concluded that the statute of limitations expired on January 5, 2018 and that Wolff's claim was barred.

**{¶21}** The trial court also addressed the amended complaint filed May 4, 2020 by the clerk prior to the court's ruling on the motion to amend the complaint.  The trial court ordered that the amended complaint be removed from the docket.

**{¶22}** All other pending motions were denied by the trial court as moot.

**{¶23}** Wolff filed a notice of appeal with twelve assignments of error; however, because we will not address those assignments for the reasons set forth below, they are not included within this opinion.

## ANALYSIS

**{¶24}** Before addressing the merits of this appeal, we must address Wolff's failure to comply with the Appellate Rules regarding the requirements and limitations of appellate briefs.  While we recognize that Wolff is acting pro se, the Supreme Court of Ohio has "repeatedly declared that "pro se litigants * * * must follow the same procedures as litigants represented by counsel." *State ex rel. Gessner v. Vore,* 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 5. " 'It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.' " *State ex rel. Fuller v. Mengel,* 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Serv.,* 145 Ohio St.3d 651, 654, 763 N.E.2d 1238. *State ex rel. Neil v. French,* 153 Ohio St.3d 271, 2018-Ohio-2692, 104 N.E.3d 764 (2018).

**{¶25}** Appellate Rule 16(A) supplies the requirements for appellant's brief:

(1)    A table of contents, with page references.

(2)    A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

(3)     A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

(4)     A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5)     A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6)     A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7)     An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

(8)     A conclusion briefly stating the precise relief sought.

{¶26} Appellate Rule 19(A) establishes limits to the length of an appellate brief:

Without prior leave of court, no initial brief of appellant or cross-appellant and no answer brief of appellee or cross-appellee shall contain more than 9,000 words, and no reply brief shall contain more than 4,500 words, exclusive of the cover page, table of contents, table of cases, statutes and other authorities cited, statement regarding oral argument, certificates of counsel, signature blocks, certificate of service, and appendices, if any. An initial brief

and answer brief not exceeding 30 pages in length at 12-point font shall be presumed compliant with the 9,000 word limit, and a reply brief not exceeding 15 pages in length at 12-point font shall be presumed compliant with the 4,500 word limit."

**{¶27}** This court's local rule narrows the length of briefs to specific page limits: "In addition to the requirements of App.R. 16, no brief by any party in an appeal or original action, excluding appendices, table of contents, table of cases, statement of assignments of errors, and statement of the issues shall exceed thirty pages, unless, upon a motion requesting an increase of a specific number of pages and the showing of good cause, this Court orders otherwise. No reply brief shall exceed fifteen pages." Loc.R. 9(B).

**{¶28}** Appellant's brief is comprised of ninety-seven pages, far exceeding any applicable page limit. If we reduce the count by the number of pages attributable to appendices, table of contents, table of cases, statement of assignments of errors, and statement of the issues, the brief still violates the page limit by an excessive amount. And the additional pages do not clarify appellant's argument, but only serve to introduce irrelevant issues, such as the discussion regarding summary judgment, or tirelessly repeat facts that are not within the complaint and cannot be considered in the context of a motion filed under Civ.R. 12(B)(6).

**{¶29}** Appellant's presentation also lacks a clear reference to the twelve assignments of error that he has submitted. Rather than segregate his argument "with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies," much of this presentation is an unedited narrative with no reference to

the specific assignments of error.  Appellant may expect the court to collate his argument and assign different portions to the relevant assignment, but we will not create appellant's argument on his behalf. *Salameh v. Doumet*, 5th Dist. No. 19 CAF 01 0008, 2019-Ohio-5391, 151 N.E.3d 83, ¶ 60, appeal not allowed,158 Ohio St.3d 1506, 2020-Ohio-2819, 144 N.E.3d 456.

{¶30}  Appellant captions a portion of his brief "Argument" and within this section of his brief he contends that the trial court erred because it failed to properly apply "the law for determining summary judgment motions by viewing facts in the light most favorable to the nonmoving party."  No party to this matter has filed a motion for summary judgment. Appellant is conflating an analysis of a motion for summary judgment with that of a motion to dismiss under Civ.R. 12(B)(6), two distinctly different procedures.  Because the parties did not file a motion for summary judgment and the trial court did not resolve a motion for summary judgment we cannot consider Wolff's argument regarding that issue.  This section of his brief does contain assertions regarding issues relevant to the decision of the motion to dismiss, so, in the interest of justice, we will review the trial court's dismissal of the complaint under Civ.R. 12(B)(6) and Wolff's arguments relevant to that decision to the extent they are described in the "Argument" section of his brief.

{¶31}  Dunning filed a motion to dismiss pursuant to Civ.R. 12(B)(6) based upon the expiration of the statute of limitations. Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Board of Commissioners*, 65 Ohio St.3d 545,

605 N.E.2d 378 (1992). Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber,* 57 Ohio St.3d 56, 565 N.E.2d 584 (1991).

**{¶32}** A trial court should dismiss a complaint for failure to state a claim on which relief can be granted pursuant to Civ.R. 12(B)(6) only when it appears "beyond doubt * * * that the [plaintiff] can prove no set of facts warranting relief." *State ex rel. Crabtree v. Franklin Cty. Bd. of Health* (1997), 77 Ohio St.3d 247, 248, 673 N.E.2d 1281. The court may look only to the complaint itself, and no evidence or allegation outside the complaint, when ruling on a Civ.R. 12(B)(6) motion. *State ex rel. Fuqua v. Alexander* (1997), 79 Ohio St.3d 206, 680 N.E.2d 985. Nevertheless, the court may consider material incorporated in the complaint as part of the complaint. *State ex rel. Keller v. Cox* (1999), 85 Ohio St.3d 279, 707 N.E.2d 931.

**{¶33}** In its answer, Dunning asserted that Wolff's claim was barred by the statute of limitations, an affirmative defense that must be pleaded in an answer or it is waived under Civ.R. 8(C). *Am. Chem. Soc. v. Leadscope, Inc.,* 133 Ohio St.3d 366, 2012-Ohio-4193, 978 N.E.2d 832. "Since affirmative defenses typically rely on matters beyond the pleadings, they normally cannot be raised in a Civ.R. 12(B)(6) motion to dismiss. * * * An exception exists, however, where the existence of the affirmative defense is obvious from the face of the complaint itself." *Lanzer v. Louisville*, 5th Dist. No. 2015 CA 00170, 2016-Ohio-8071, 75 N.E.3d 752, ¶ 56, referencing *Mills v. Whitehouse Trucking Co.* (1974), 40 Ohio St.2d 55, 58, 320 N.E.2d 668 where the Supreme Court of Ohio held that "a Civ.R. 12(B)(6) motion will lie to raise the bar of the statute of limitations when the complaint shows on its face the bar of the statute." *Id.*

**{¶34}** A 12(B)(6) motion to dismiss based upon a statute of limitations should be granted only where the complaint conclusively shows on its face that the action is so barred. *Velotta v. Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376, 379, 433 N.E.2d 147 (1982). To conclusively show that the action is time barred, the complaint must demonstrate both (1) the relevant statute of limitations, and (2) the absence of factors which would toll the statute, or make it inapplicable. *Tarry v. Fechko Excavating, Inc.* (Nov. 3, 1999), Lorain App. No. 98–CA–7180, unreported, 1999 WL 1037755, as quoted in *Helman v. EPL Prolong, Inc.,* 7th Dist. No. 98 CO 83, 139 Ohio App.3d 231, 2000-Ohio-2593, 743 N.E.2d 484.

**{¶35}** Wolff's complaint sets out the date when the cause of action accrued and includes allegations to make the nature of the claim and the applicable limitations period clear.  He alleges he took his Chevrolet Suburban to Dunning for service on January 5, 2016 and after the technician returned the vehicle, he knew "at the time that my truck had been vandalized by" Dunning. He "suspected at the time that the technician put a foreign object in my engine and that it broke something serious." Wolff's cause of action accrued on January 5, 2016 and the complaint states a claim for damage to personal property, subject to a two-year limitations period.

## CAUSE OF ACTION ACCRUES

**{¶36}** Wolff not only discovered, but confidently stated that he was aware that he was injured by the alleged wrongful conduct of the technician at Dunning on January 5, 2016 at which time the cause of action accrued and the statute of limitations began to run.  *Collins v. Sotka*, 81 Ohio St.3d 506, 507, 692 N.E.2d 58 (1998), quoting *O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St.3d 84, 4 OBR 335, 447 N.E.2d 727.

**{¶37}** Wolff contends that his claim should not be barred because the statute of limitation did not begin to run until he determined that the service technician had damaged his truck. He argues the statute of limitations did not begin to run until August 2018 and would expire in August 2020, long after he filed his complaint. He offers no legal authority to support his argument, but states that the delay was caused by other matters that required his attention. Wolff is requesting that we apply a "discovery rule" to a property damage claim where the damage was not latent, but, according to the allegations in the complaint, was evident on the date service was provided. We must deny Wolff's request.

**{¶38}** Generally, a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed. *Collins v. Sotka* (1998), 81 Ohio St.3d 506, 507, 692 N.E.2d 581. However, the discovery rule is an exception to this general rule and provides that a cause of action does not arise until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, that he or she was injured by the wrongful conduct of the defendant. *Id.,* citing *O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St.3d 84, 4 OBR 335, 447 N.E.2d 727.

**{¶39}** In *O'Stricker,* the court emphasized that the discovery rule entails a two-pronged test—i.e., discovery not just that one has been injured but also that the injury was "caused by the conduct of the defendant"—and that a statute of limitations does not begin to run until both prongs have been satisfied. *O'Stricker,* 4 Ohio St.3d at 86, 4 OBR 335, 447 N.E.2d 727, paragraph two of the syllabus.

**{¶40}** Since the rule's adoption, the Court has reiterated that discovery of an injury alone is insufficient to start the statute of limitations running if at that time there is no indication of wrongful conduct of the defendant. Moreover, the court has been careful to

note that the discovery rule must be specially tailored to the particular context to which it is to be applied. *Browning v. Burt* (1993), 66 Ohio St.3d 544, 559, 613 N.E.2d 993.

**{¶41}** In the case before us, Wolff's complaint makes it clear that he discovered the claimed injury to the property and that it was allegedly caused by Dunning on January 5, 2016. The pertinent allegations include:

- I got the keys and asked why they towed it out of the building and whether he put it together correctly.

- The Truck then sounded much worst(sic) and sounded like there was popcorn in it.

- When I started the truck the technician jumped back like it was going to explode. I asked him what the hell he did to my truck and he would not answer, just walked away.

- I complained to the service manager and paid for the half ass analysis, knowing at the time that my truck had been vandalized by a Chevrolet dealership, the defendant.

- I suspected at the time that the technician put a foreign object in my engine and that it broke something serious. I would need time and better weather to analyze my engine and identify what he had done.

Complaint, p. 2.

**{¶42}** Wolff's allegations allow no other conclusion than that he was aware of the alleged damage to his vehicle and Dunning's role in the injury on January 5, 2016 and that his cause of action accrued on that date.

**{¶43}** Wolff's claim that the statute should not begin to run until he discovered the full extent of the damage with certainty also fails. The Supreme Court of Ohio addressed this argument in *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54, 58, 538 N.E.2d 398, 402 (1989) where it found that a claimant need not be aware of the full extent of his injury before a cause of action accrues. "Instead, it is enough that some noteworthy event, the cognizable event, has occurred which does or should alert a reasonable person that an improper" procedure, repair or diagnosis has taken place." Wolff highlighted the "cognizable event" in his complaint when he alleged that he knew "at that time" that his vehicle had been vandalized.

**{¶44}** Wolff's cause of action accrued on January 5, 2016.  We now turn to the issue of the period of limitations.

## PERIOD OF LIMITATIONS

**{¶45}** To determine the applicable limitations period, we look "to the actual nature or subject matter of the case, rather than the form in which an action is pleaded, to determine the applicable limitations period." *Helman v. EPL Prolong, Inc.* (Oct. 30, 2000), Columbiana App. Nos. 98 CO 83, 99 CO 5, unreported, quoting *Lawyers Cooperative Publishing Co. v. Muething* (1992), 65 Ohio St.3d 273, 277.  "The grounds for bringing the action are the determinative factors, the form is immaterial." *Love v. Port Clinton*, 37 Ohio St.3d 98, 99, 524 N.E.2d 166 (1988); *see also*, *Doe v. First United Methodist Church*, 68 Ohio St.3d 531, 629 N.E.2d 402 (1994).

**{¶46}** We find that the only possible interpretation of the complaint is that it states a claim for damage to personal property subject to the two-year statute of limitations

described in R.C. 2305.10(A). Wolff's insistence that we find that he stated a claim for fraud and breach of contract is not supported by the allegations and the law.

**FRAUD**

**{¶47}** Civil Rule 9(B) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." We have held that "[t]he circumstances constituting fraud include the time, place, and content of the false representation; the fact misrepresented; the identification of the individual giving the false representation; and the nature of what was obtained or given as a consequence of the fraud. *First-Knox Nat'l Bank v. MSD Properties, Ltd.*, 5th Dist. Knox No. 15CA6, 2015-Ohio-4574 as quoted in He*alth & Wellness Lifestyle Clubs v. Valentine*, 5th Dist. Stark No. 2020CA00083, 2021-Ohio-42, ¶ 25.

**{¶48}** Wolff's complaint does not contain a reference to a false representation, when it was made, who made it or the consequences of the false representation. Wolff invites us to interpret the Statement of Claim in his complaint as inferring a claim for fraud, but we must reject his invitation as Civ.R. 9(B) does not permit an allegation of fraud by inference.

**CONTRACT**

**{¶49}** Wolff's contention that he stated a claim for breach of contract also fails for lack of allegations of fact in the complaint sufficient to support such a claim. To state a valid claim for breach of contract, it was incumbent upon [Wolff] to establish: (1) the existence of a contract; (2) performance by [Wolff]; (3) breach by [Dunning]; and (4) damage as a result. *McFarren v. Emeritus at Canton*, 5th Dist. No. 2017CA00130, 2018-Ohio-1593, 111 N.E.3d 87, ¶ 34 quoting *Blake Homes, Ltd. v. First Energy Corp.*, 173

Ohio App.3d 230, 2007-Ohio-4606, 877 N.E.2d 1041 (6th Dist). Wolff did not include allegations in his complaint that expressly or impliedly satisfy these requirements and, even if we strain to find the existence and breach of a contract, the allegations do not supply a basis for us to conclude that a breach of contract caused the damages, but, instead, Wolff confidently concludes that the technician vandalized his truck and he is entitled to compensation for the resulting damages.

{¶50} Wolff's complaint and demand compel a finding that his claim is subject to the statute of limitations for an injury to personal property, and not breach of contract or fraud because "the applicable statute of limitations is not determined from or by the form of pleading, but rather by the gist of the complaint." *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 11, 467 N.E.2d 1378, 1382 (6th Dist.1983). Revised Code Section 2305.10 does not "concern itself with the circumstances under which an injury was inflicted. On its face, it clearly covers all actions based on a claim respecting" injury to personal property. *Andrianos v. Community Traction Co.*, 155 Ohio St. 47, 51, 97 N.E.2d 549, 552 (1951). Wolff's insistence that he has alleged that fraud or a breach of contract has occurred is immaterial as his action is plainly one to recover damages for injury to his Chevrolet Suburban allegedly committed by an employee of Dunning.

{¶51} We reject Wolff's characterization of his cause of action as seeking damages as a result of breach of contract or fraud. We find the trial court correctly concluded the complaint states a claim for injury to personal property which is subject to a two-year statute of limitations pursuant to R. C. 2305.10 (A). The trial court correctly concluded the cause of action accrued on January 5, 2016 when Wolff concluded his vehicle had been vandalized. The statute of limitations expired on January 5, 2018 as

found by the trial court. Wolff's complaint demonstrates, on its face, that it is subject to a two-year statute of limitations and that there is no basis to make the statute inapplicable or to toll the statute. For those reasons, we find trial court's dismissal pursuant to Civ.R.12 (B)(6) was correct.

**{¶52}** Our finding that the trial court correctly determined that the statute of limitations for Wolff's cause of action expired prior to filing of the complaint and, that therefore, the complaint was properly dismissed pursuant to Civ.R 12 (B)(6) renders all of the other issues addressed by Wolff in his appellate brief moot.

**{¶53}**  The decision of the Guernsey County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Wise, John, J. and

Wise, Earle, J. concur.